## WILLIAM H. W. CUSHMAN

### *v.*

## HORATIO O. STONE *et al.*

1.  DEED OF TRUST—*whether a conveyance is a deed of trust or mortgage.*
Where a party made a promissory note payable to himself, indorsed the
same in blank, and delivered it to A, and at the same time executed a con-
veyance of land to B, declaring therein that it was in trust; that in case
of default in the payment of the note, then, on the application of the legal
holder of the note, B, his heirs, assigns or successor in trust, might sell
and dispose of the land, on certain terms, for cash, etc.: *Held,* that the
conveyance was a deed of trust, and not a mortgage, and that A, as the
legal holder of the note, was the *cestui que trust,* notwithstanding a mis-
recital in the deed that the note was indorsed and delivered to B, the proof
showing that B never had any interest in the same.

2.  POWER OF SALE—*who should execute it.* A power in a deed of trust
authorizing the trustee to sell on default in the payment of the grantor's
note, upon application of the legal holder of the same, can not be execu-
ted by the holder of the note, even if the note was in the first place de-
livered to the trustee indorsed in blank, and by him transferred to another
by delivery.

3.  TRUSTEE'S SALE—*notice under power.* Where a deed of trust author-
ized the trustee to sell the land conveyed, for non-payment of a note,
"first giving notice of the time and place of such sale by publishing such
notice in one of the newspapers at that time published in," etc., *ten days
before* such sale, and a notice of sale on the thirteenth day of a month was
published on the second day of the same month and each day thereafter
except on Sundays, being nine insertions, it was *held,* that this was a com-
pliance with the terms of the deed of trust, and was sufficient in respect
to the time.

APPEAL from the Superior Court of Cook county; the
Hon. JOSEPH E. GARY, Judge, presiding.

This was a bill in chancery, by the appellant against the
appellees, to redeem certain lands. It appeared that the notice
of sale by the trustee was published by the trustee on the 2d
day of May, 1867, in the Chicago Evening Post, and on each
day thereafter, Sundays excepted, to the 12th day of May in-
clusive, and that the sale occurred on the 13th of May, 1867,
making nine insertions of the notice before the sale.

Mr. J. W. WAUGHOP, for the appellant.

Messrs. AYER & KALES, and Mr. L. H. BISBEE, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the equity side of the Superior Court of Cook county, on a bill therein exhibited by William H. W. Cushman against Horatio O. Stone and others, to redeem certain lands.

The complainant claimed as grantee of one Rosbrook, the owner of the land at the time of the sale. On the hearing, the court dismissed the bill.

The facts are briefly these: On the 24th of April, 1866, Horatio O. Stone, who was then owner of the premises described, in the bill, conveyed the same on that day to one Rosbrook, who, in part payment therefor, executed his note for forty-five hundred dollars, due in one year, payable to his own order, who indorsed the same in blank, and delivered the same to Stone. At the same time, Rosbrook executed a deed to Henry S. Munroe, as party of the second part, for the premises, reciting therein, "that, whereas Hiram Rosbrook has executed his certain promissory note, bearing even date herewith, and made payable to himself or order, for the sum of forty-five hundred dollars, due in one year after date, with interest at seven per cent, and by him indorsed and delivered to Henry S. Munroe."

This recital is not correct, as all the testimony concurs that Munroe never owned the note; that it was not indorsed to him, but delivered with the blank indorsement to Stone, and retained in his possession.

The deed proceeds: "Now, therefore," etc., and contains this power: "In trust, nevertheless, that in case of default in the payment of said note or any part thereof, according to the tenor and effect of the said note, then, on the application of

the legal holder of said note, it shall and may be lawful for the said party of the second part, his heirs, assigns or successors in trust, either in person or by attorney, to sell and dispose of the said property or premises above described, and all the right, title, benefit and equity of redemption of the said party of the first part, his heirs or assigns, therein, at public auction at the court house door in the city of Chicago, county of Cook and State of Illinois, to the highest bidder or bidders, for cash, first giving notice of the time and place of such sale by publishing such notice in one of the newspapers at that time published in said city of Chicago, ten days before such sale," etc.

The note having matured in the hands of Stone, he, through his agent, Yæger, applied to Munroe to advertise, and sell the property, who, thereupon, on the second day of May, 1867, advertised the property for sale, in the "Chicago Evening Post," a daily paper published in that city, which was continued in each succeeding number of that paper until the 13th day of May, on which day the premises were offered for sale and were bid off by Stone, through his agent, he being the highest and best bidder, to whom Munroe executed a deed.

The application to redeem by complainant is based on the ground that the instrument executed by Rosbrook to Munroe is not a deed of trust, but a mortgage, and the sale should have been made under a decree of court by the real owner of the note.

Complainant insists that the deed so made could not be foreclosed under the power to Munroe, for, with the note so indorsed and delivered to him, he would be the legal holder, and he could not make to himself the application to sell.

It is clearly proved that the note never was delivered to Munroe. It was indorsed in blank and delivered to Stone, and remained in his possession up to the day of sale, Munroe having no control over it.

Complainant further insists, no *cestui que trust* being named in the deed, it was such a conveyance as the grantor could

have adopted as for his own benefit, and there being no dec-
laration of trust in the deed, the instrument, as a trust, is void
by the Statute of Frauds and Perjuries.

We do not see the force of this position. Stone being the
holder of the note, he was the *cestui que trust* for all the pur-
poses of the conveyance, and the deed was expressly made in
trust to secure him, the holder, in the payment of the note.
Stone himself could not have sold the premises. The power
is to the grantee, in trust, that, in case of default in the pay-
ment of the note, then, on the application of the legal holder
of said note, it shall and may be lawful for the said party
of the second part, his heirs, assigns or successors in trust,
etc., "to sell and dispose of the premises," etc.

This is, in all essential particulars, a deed of trust, and not
a mortgage, and the power was properly exercised if the trus-
tee gave the required notice of the time and place of sale.

In pressing the idea that this deed was a mortgage, and
could only be foreclosed by the owner of the note, counsel
say, as Stone and Munroe both testify that the note belonged
to Stone, then Stone should have exercised the power of sale,
the mortgage only being an incident to the note. To illus-
trate his position, reference is made to several cases decided
by this court. *Herring et al.* v. *Woodhull,* 29 Ill. 92, which
case holds that the assignment of a note secured by mortgage
carries the mortgage with it. How, if not a mortgage? *Par-
dee* v. *Lindley,* 31 ib. 174, decides, where a person holds a note
secured by mortgage containing a power of sale, an assign-
ment of the note carries the mortgage with it, and vests the
power of sale in the assignee; and, in *Hamilton* v. *Lubukee,*
51 ib. 415, it was held, where the mortgage alone was assigned
by an indorsement thereon, without an assignment of the
note, the mortgage not being an instrument assignable by the
common law or by statute, would not operate to pass the
power of sale to the assignee, but would remain with the
mortgagee. *Strother* v. *Law,* 54 ib. 413, is in conformity with
this ruling.

520      CUSHMAN *v.* STONE *et al.*      [Sept. T.

Opinion of the Court.

In this case, Rosbrook executed a note payable to himself, and indorsed the same in blank, and delivered it to Stone. He likewise executed a deed of trust to Munroe, authorizing Munroe to execute the power therein in case of default in the payment of the note. This instrument conferred no power upon Stone in any event or in any shape or form whatever. It was not Stone who was to sell, but it was Munroe, on the application of the legal holder of the note, who was Stone, should make the sale.

Appellant's counsel lays much stress on the fact that the deed recites the note as having been indorsed by Rosbrook to Munroe, when, in fact, Munroe never saw the note until nearly one year after its execution and delivery to Stone. But suppose the note had been originally delivered to Munroe, it was indorsed in blank, and of course transferable by delivery. The presumption would then arise, that he had transferred it to Stone by delivery, for it is not contended Munroe ever indorsed the note. How, then, could Stone have become vested with the power of sale, under the ruling in *Hamilton* v. *Lubukee, supra,* and *Strother* v. *Law, supra,* in which it is held that a mere transfer of a note by delivery will not pass the power of sale?

The power of sale being vested in Munroe, the sale was properly made by him, and could be made by no other person.

The remaining question is, were the requisites of the deed in respect to advertising the sale strictly complied with by the trustee? Of this we have no doubt. More than ten days' notice of the sale was given. The first publication was on the 2d day of May, and the last on the 12th day of May, in consecutive numbers of a daily paper published in Chicago. The deed does not require there shall be ten daily publications, but ten days' notice, and simple computation shows that from the 2d day of May, inclusive, to the 13th of May, exclusive, there are more than ten days.

The notice is not materially different from the one held to be sufficient in *Weld et al.* v. *Rees,* 48 ib. 428. We think it sufficient in this case.

None of the objections of appellant are tenable, and we affirm the decree of the Superior Court.

*Decree affirmed.*