GEORGE H. WASHINGTON *vs.* EDWARD D. BASSETT and JOSEPH H. BROWN.

The powers of sale in a mortgage required "twenty days' notice of such sale in some one of the public newspapers printed in said city of Providence." Notice of a sale for August 12 was given by advertisement seven times in a daily paper between July 22 and August 12.

*Held*, that the notice was not sufficient. As twenty *days'* notice was required, and the paper

selected was a daily paper, the advertisement should have appeared daily for twenty days, *i. e.* been continuous for the twenty days.

*Thurston* v. *Miller*, 10 R. I. 358, and *Harris, Petitioner*, 14 R. I. 637, distinguished.

BILL IN EQUITY to redeem a mortgage and for an account.

*July* 16, 1887. STINESS, J. The defendant Bassett sold to the defendant Brown a lot of land in Providence, under a power of sale contained in a mortgage deed, of which Bassett was the assignee. After the sale, the complainant, a judgment creditor of the mortgagor, bought the mortgagor's interest in the land at the execution sale, under a levy which had been made before the mortgage sale took place. The complainant brings this bill to redeem, claiming that there has been no valid sale under the power contained in the mortgage, because the requirement of the power, " first giving twenty days' notice of such sale in some one of the public newspapers printed in said city of Providence," has not been complied with. The mortgage sale took place August 12, 1885. The notice was published in the " Evening Mail," a daily newspaper printed in Providence, seven times, viz., July 22d, 25th, 29th, August 1st, 5th, 8th, and 11th. The question is, whether such a publication of the notice satisfies the requirement of the power. We do not think it does. The evident purpose of the requirement is to secure ample notice of the sale, for the mutual advantage of the mortgagor and mortgagee. The mortgagee is allowed to select the newspaper in which he will give the notice; but the extent of the notice is definitely expressed. It must be " twenty days' notice." We think the fair and natural interpretation of that phrase is that the notice is to be continuous, in the paper selected, for twenty days. The defendants contend that, inasmuch as the notice covered a period of twenty days, it was " twenty days' notice." But if seven insertions in a daily paper, covering the time, is to be held equivalent to twenty days' notice, why would not two, say on the first and last days of a period of twenty days, or even one twenty days before the sale? If anything less than a continuous notice is sufficient, we do not see why one or the other of these would not also be sufficient. The defendants say that even this complies with the literal construction of the terms of the power; but that is not enough, if the construction be crafty or technical. Such powers should be con-

strued as people generally, who have to do with them, would be likely to understand them ; and we think that the use of the word "days" would suggest, to the ordinary mind, a continuous daily notice, if it be in a daily paper. In *Stine* v. *Wilkson*, 10 Mo. 75, 96, "twenty days' previous notice" of the time of sale was required. One notice was published in a daily newspaper twenty-one days before the sale, and after that the notice was published, less than twenty days, in another paper, which was a weekly reprint of the daily. This was held to be insufficient notice. The court says : " Would one publication of a notice by a sheriff of an intended sale of real estate under execution, made in a newspaper twenty days before the day of sale, be held to be a compliance with the requisition of the statute, which directs him to give twenty days' previous notice of the time, etc., by an advertisement in some newspaper printed in the county, etc.? We apprehend that such is not the general understanding nor the practice in the country, but that such notices are continued to be published until the day of sale." This case is cited by the court, with apparent approval, in *The German Bank* v. *Stumpf*, 73 Mo. 311. See, also, *Leffler* v. *Armstrong*, 4 Iowa, 482.

In *Kellogg* v. *Carrico*, 47 Mo. 157, the deed required thirty days' notice. The publication covered a period of thirty-four days, and appeared in each daily issue of the paper, there being no issue on Sundays. Held, that the Sunday omissions did not vitiate the notice, because it was continuous. See, also, *Cushman* v. *Stone*, 69 Ill. 516. In *Weld* v. *Rees*, 48 Ill. 428, where the language of the deed was, "after publishing *a notice* in *a newspaper* published in the city of Chicago ten days before the day of such sale," it was held that one insertion, ten days before the sale, was sufficient, because the language seemed to exclude the idea that the notice should be continuous, as only one notice and one paper, and that ten days before the sale, are spoken of. If "notice for ten days" had been required, the court says there might be question as to its sufficiency. *Jenkins, Assignee,* v. *Pierce*, 98 Ill. 646, was a similar case. In *Muskingum Valley Turnpike Co.* v. *Ward*, 13 Ohio, 120, it was held that where a law required " at least sixty days' notice " of the time and place of payment of an instalment to the stock of a corporation, a single notice given

sixty days before the time was sufficient. This interpretation, however, is put by the court upon the grounds that a continuous notice was not intended, because, in other acts, where the legislature meant to require a continuous notice, more explicit terms had been employed, and that the manifest object of the notice was to give stockholders a reasonable time to prepare to meet the demand; hence that it must be a complete notice "at least sixty days" before the payment. *Andrews* v. *The Ohio & Mississippi R. R. Co.* 14 Ind. 169, is precisely similar.

In *Harris, Petitioner*, 14 R. I. 637, this court held that where the statute requires a notice to be published "in some public newspaper for four successive weeks," it is enough if the notice be published weekly, even though it be in a daily paper. See, also, *Thurston* v. *Miller*, 10 R. I. 358. There are numerous cases to this effect, and they proceed upon the principle that, where the period is a certain number of weeks, such a notice is continuous from week to week, which is all that is required. Upon the same principle we must conclude that, where the period is a certain number of days, the notice must be continued from day to day, upon such days as the paper is published. Of course the selection of the paper must be made in good faith; but if, as in *Leffler* v. *Armstrong, supra*, it be properly made in a weekly or semi-weekly paper, continuously and in every issue, for the designated period, the requirement is fulfilled. Our conclusion is that the notice of the mortgage sale in this case did not conform to the terms of the power, and that the complainant is entitled to redeem.

*Charles M. Salisbury & Charles H. Page*, for complainant.

*Edward D. Bassett & Frederic Hayes*, for respondents.