FRANCIS G. HAMER v. JAMES McFEGGAN ET AL.

FILED APRIL 21, 1897.   No. 7288.

1. **Assignments of Error: WAIVER.** Assignments of error not presented by the briefs or oral arguments are waived.

2. **Judicial Sales: APPRAISEMENT.** Objections to the appraisement of property made under an order of sale should be filed in the trial court prior to the sale.

ERROR from the district court of Phelps county. Tried below before BEALL, J. *Affirmed.*

*F. G. Hamer*, for plaintiff in error.

*Hall, St. Clair & Roberts, W. P. Hall*, and *Halleck F. Rose*, contra.

NORVAL, J.

This cause was brought to this court to obtain a review of an order confirming the sale of real estate. While the petition in error contains twenty-eight assignments, the only one argued in the brief relates to the appraisement, and all others will be disregarded. (*Wood Mowing & Reaping Machine Co. v. Gerhold*, 47 Neb., 397; *City of Kearney v. Smith*, 47 Neb., 408.)

It is urged that the value placed upon the property was so low as to raise a presumption of fraud in making the appraisement. There are two answers to this contention: First, no objection was made to the appraisement until after sale, which was too late. (*Vought v. Foxworthy*, 38 Neb., 793; *Smith v. Foxworthy*, 39 Neb., 214; *Ecklund v. Willis*, 44 Neb., 129.) But it is said there was no notice of the appraisement given. The only notice the statute requires is the legal notice of sale and the filing of the copy of the appraisement with the clerk of the district court. These steps were taken. Second, there was sufficient evidence adduced on the hearing to show that the property was appraised at its actual value. The order is

AFFIRMED.