NEBRASKA LAND, STOCK-GROWING & INVESTMENT COM-
PANY ET AL. V. McKINLEY-LANNING LOAN & TRUST
COMPANY.

FILED OCTOBER 6, 1897. No. 7448.

1. **Review: ELECTION OF REMEDIES.** When a case is in its nature appealable and the party seeking a review files in connection with the transcript a petition in error, he will be deemed to have elected to proceed in error and not by appeal.

2. **Record for Review.** This court will not draw an inference contradictory to the record in order to sustain an assignment of error.

3. **Foreclosure Sale: PUBLICATION OF NOTICE.** A notice of a foreclosure sale set for February 21, which was published in a weekly newspaper in five consecutive issues of the paper, beginning January 19, is a sufficient advertisement under the statute requiring publication for at least thirty days before the day of sale.

4. **Notice of Foreclosure Sale: PROOF OF PUBLICATION.** The affidavit proving publication may in such case be made immediately after the last publication, even though that be less than thirty days after the first.

5. ———: ———. The word "printed" in the statute requiring the notice to be in some newspaper printed in the county, is used in the sense of "published," and an affidavit that the newspaper was published in the county is therefore sufficient.

6. **Judicial Sales: APPRAISEMENT.** Objections to the appraisement of property for the purpose of a judicial sale should be filed in the trial court prior to the sale.

·ERROR from the district court of Buffalo county. · Tried below before HOLCOMB, J. *Affirmed.*

*Francis G. Hamer,* for plaintiff in error.

*William Gaslin, contra.*

IRVINE, C.

This is a proceeding having for its object the review of an order confirming a sale made in pursuance of a decree of foreclosure. There was filed with the transcript a petition in error, but the plaintiffs in error ask that the court consider the case as also presented on appeal. This we cannot do. It is the settled practice that a party whose case is in its nature appealable has an election as to the method of review, but he cannot pursue both methods. By filing a petition in error that method was here selected. (*Burke v. Cunningham,* 42 Neb., 645; *Woodard v. Baird,* 43 Neb., 310; *Monroe v. Reid,* 46 Neb., 316; *Beatrice Paper Co. v. Beloit Iron Works,* 46 Neb., 900; *Childerson v. Childerson,* 47 Neb., 162; *Thomas v. Churchill,* 48 Neb., 266.)

The first assignment of error discussed in the briefs is that the order of confirmation was obtained by the mortgagee's waiving his right to a judgment for the deficiency remaining after applying the purchase money to the payment of the decree. The argument is that the court would not have confirmed the sale at the price bid unless the right to a deficiency judgment had been waived, that this course was taken as a substitute for a resale, and so operated to the prejudice of the defendants. Unfortunately for this contention, it finds no support in the record. The order of confirmation recites that the court finds the. proceedings regular and according to law. That finding required an absolute confirmation. The waiver of the personal judgment appears as a part of the same journal · entry, but after the order of confirmation and without anything to indicate that the two were interdependent.

We cannot indulge the presumption that the court, in contradiction of its record, found the proceedings irregular or not according to law, but this presumption would have to be indulged in order to ground the contention of plaintiffs in error.

The next assignment is that the notice was not published for thirty days prior to the day of sale. It is quite doubtful whether this assignment is sufficiently specific to present for review many of the questions raised with regard to the published notice. We nevertheless shall consider these questions as if properly presented. The sale took place February 21, 1894. The affidavit of publication, which is undisputed, is as follows: "I, S. S. Smith, being duly sworn, on oath say that I am one of the publishers of the Nebraska Standard, a weekly newspaper of general circulation, published in Kearney, Buffalo county, Nebraska, and that the notice, a true copy of which is hereto annexed, was published five consecutive weeks in the regular and entire issue of every number of said newspaper for the time stated, the first publication being on the 19th day of January, A. D. 1894." There can be no doubt that publication of such a notice in a weekly newspaper satisfies the statute, the language of which is "public notice of the time and place of sale to be given for at least thirty days before the day of sale by advertisement in some newspaper printed in the county, or in case no newspaper be printed in the county, in some newspaper of general circulation therein." (Code of Civil Procedure, sec. 497.) That the publication being in a weekly newspaper was at the proper time and for a sufficient period before the sale, see *Carlow v. Aultman*, 28 Neb., 672, and *Von Dorn v. Mengedoht*, 41 Neb., 525. In this connection the point is made that the affidavit was executed February 17, 1894, which was less than thirty days after the first publication of the notice, and therefore could not serve as proof of publication for the requisite time. An inspection of the cases cited, together with others cognate thereto, will disclose that it has always been the opinion of this court, and

we have no doubt that such is the correct view, that a publication is not to be considered as an instantaneous act, but endures through the period elapsing between the issuing of one number of the paper selected and the issuing of the next. Thus, if the law required publication for one week, a publication in a weekly newspaper issued on January 19 would suffice for an event to take place January 26. To constitute two weeks' publication the notice would have to be repeated in the issue of the latter date, and so if time were designated in days instead of weeks. The affidavit shows that the notice was published in five consecutive issues of the paper, which would bring the last publication on February 16, or in the last issue preceding the sale. The issue of February 16 having been published, the affidavit showing the fact of five consecutive weekly publications next preceding the time fixed for the sale could be and was made, and in examining the proceedings it required only the efflux of time, of which the court could take notice, to complete the proof of legal publication. It will have been observed that the statute requires the notice to be published in "some newspaper printed in the county, or in case no newspaper be printed in the county, in some newspaper of general circulation therein," while the affidavit is that the newspaper employed for the purpose was a "newspaper of general circulation published in Kearney, Buffalo county." The main argument on this point is that the affidavit does not, by showing that the paper was of general circulation, show that it was of general circulation in Buffalo county, as the statute seems to require. We conceive, however, that the real difficulty lies farther back. If any newspaper be printed in the county the notice must be in that, and a notice published merely in a paper of general circulation, either in that county or elsewhere, would be insufficient. The affidavit does not show, nor is it elsewhere shown, that no newspaper was printed in the county, and the affidavit before us does not state that the newspaper employed was printed in the county, but that it was.pub-

lished therein. It seems clear, therefore, that the affidavit does not show a compliance with the law, unless the word "published" is synonymous with or includes within its sense the meaning of the word "printed." In *Bragdon v. Hatch*, 77 Me., 433, it was held that the terms were not synonymous, and that a statute requiring that the paper should be printed in the county was not satisfied by a certificate that it was published therein. This case is open to three comments. In the first place, the procedure there in question was a statutory extra-judicial method of foreclosure, whereby the mortgagee proceeded by himself merely publishing notice. The court very properly deemed such a procedure to be the subject of strict construction. In the next place, the proof under review was a certificate which the court held to be in its nature wholly incompetent, so that remarks with regard to the legal sufficiency of language employed therein were necessarily *obiter*. In the third place, the court rested its conclusion apparently upon the effect of *Blake v. Dennett*, 49 Me., 102, and that case is not in point. There the certificate was that the notice to be proved was "copied from the Bangor Journal" of certain dates. There was nothing to show where the Bangor Journal was either printed or published, or that it was even a newspaper. Indeed, the court remarked that it might be only the proceedings of some society, so far as the name indicated. We do not feel bound by the case referred to, which is the only one really close to the point which has fallen within our notice. We do not think that the word "print" was by the legislature used in the specific and somewhat technical sense of designating the purely mechanical act of impressing the characters upon the paper. The object of the statute was to give notice, and if the legislature had the distinction at all in view it would not for that purpose have selected the place of printing instead of that of publication. "Print" is familiarly used in the sense of "publish," and in that sense the word receives recognition in many if not all of the dictionaries, and in that sense we are satisfied the legislature used it.

It is assigned as error that the land did not sell for two-thirds of its actual or its appraised value. The record shows that it did sell for more than two-thirds of its appraised value, and that is all the statute requires. (Code of Civil Procedure, sec. 491*d*.) For the purposes of the sale the appraisement determines the actual value.

Another assignment is that a copy of the appraisement was not filed with the clerk of the district court thirty days before the date of sale, or forthwith after making the appraisement. The appraisement was made January 13, which was more than thirty days before the sale and before the first publication of the notice, and the sheriff returns that he "forthwith" after the appraisement deposited a copy thereof with the clerk of the district court. There is no other evidence on the subject, and while a transcript of the copy so deposited does not appear, the clerk does not certify up the whole record but only certain designated instruments, so that we can infer nothing contrary to the officer's return from the absence of the copy.

Next it is assigned that the appraisement was fraudulent. On this point plaintiffs in error rely on the inadequacy of the appraised value as establishing fraud. Affidavits in the bill of exceptions show that witnesses estimated the value of the property as greater than the value placed thereon by the appraisers. There is not, however, so great a discrepancy as to justify any inference of fraud. The question sought to be raised is, in effect, merely that of the sufficiency of the appraisers' valuation. Such objections must be filed before the sale. A case in point, where the objection was in the same form as here presented, is *Hamer v. McFeggan*, 51 Neb., 227.

Some other points are referred to in the briefs, but they are not presented by the petition in error.

AFFIRMED.