ELGUTTER et al. v. NORTHWESTERN MUT. LIFE INS. CO.

(Circuit Court of Appeals, Eighth Circuit. April 11, 1898.)

No. 998.

1. FORECLOSURE SALE—NOTICE OF APPRAISEMENT.
   No notice of the time and place of appraisement of real estate to be sold under decree of foreclosure is required by Cobbey's Consol. St. Neb. 1891, §§ 5023–5025.

2. SAME—CERTIFICATES OF OFFICERS—OFFICIAL SEAL.
   Cobbey's Consol. St. Neb. 1891, § 5025, requiring the master to obtain from certain officers certificates of the liens on real estate to be sold, "under their respective hands and official seals," only requires seals from officers mentioned who have them.

3. SAME—APPRAISEMENT AND SALE IN SOLIDO.
   Where two lots are, and have been for years, used as one tract, they may properly be appraised and sold together under a decree of foreclosure.

4. SAME—POSTING NOTICES—PUBLICATION.
   Where the notice of sale is published in a newspaper printed in the county, notice need not be posted on the door of the court house, and in five other public places in the county, as directed by Cobbey's Consol. St. Neb. 1891, § 5031, in case of execution sales in counties where no newspaper is printed.

5. SAME—INADEQUACY OF PRICE—TWO-THIRDS OF APPRAISEMENT.
   Where property is sold for two-thirds of its appraised value, which it is required to bring under the statute authorizing the sale, and there is no offer to pay more, the sale should not be set aside for inadequacy of price.

6. SAME—STANDING MASTER IN CHANCERY—ADDITIONAL OATH AND BOND.
   A standing master in chancery, who has taken and filed his oath as such, need not take an additional oath or file a bond before making a sale in a case where it is not required by the decree, nor the state statute under which he acts.

7. STANDING MASTER IN CHANCERY—COLLATERAL ATTACK.
   An order appointing a standing master is impervious to collateral attack on the ground that he is ineligible because he was a clerk of the court or a son of one of the judges. That question can be presented only by a direct proceeding to set aside the order of appointment.

8. SAME—AUTHORITY OF MASTER—APPEAL FROM DECREE.
   Where a decree of foreclosure appoints a standing master, who is a clerk of the court and a son of the judge, to make a sale, and no appeal is taken from the decree, the authority of the master to make the sale cannot be successfully attacked by a motion to set aside the subsequent appraisement, or by objections to the confirmation of the sale, on the ground that he is ineligible to the appointment, because that would be a collateral attack upon the decree.

9. JUDGMENT—COLLATERAL ATTACK.
   Jurisdiction to hear and determine a question is not limited to the power to make correct decisions, and the judgments and decisions of courts having jurisdiction are equally conclusive, whether right or wrong, unless challenged by writ of error or appeal, or impeached for fraud.
   Philips, District Judge, dissenting.

Appeal from the Circuit Court of the United States for the District of Nebraska.

Charles S. Elgutter, for appellants.
Howard Kennedy, Jr., for appellee.

Before SANBORN and THAYER, Circuit Judges, and PHILIPS, District Judge.

a Rehearing denied May 26, 1898.

SANBORN, Circuit Judge. This is an appeal from an order of confirmation of a sale under a decree of foreclosure rendered on May 8, 1896. On March 17, 1897, the appellants filed motions in the court below to strike out the certificates of the county and city treasurers, and to set aside the appraisement of the mortgaged premises on which the sale was based. The sale was made on March 20, 1897. On May 10, 1897, an order was made denying the motions of the appellants, and confirming the sale. The following objections to this order are urged in support of the appeal from it:

1. No notice of the time and place of making the appraisement was given to the appellants. No such notice, however, was required, either by the decree, or by the statutes of Nebraska under which the appraisement was made. Cobbey's Consol. St. Neb. 1891, §§ 5023–5025; Hamer v. McFeggan, 51 Neb. 227, 70 N. W. 937; Seaman v. Insurance Co., 86 Fed. 493.

2. The certificate of the city treasurer and the certificate of the county treasurer of the liens upon the property which the master was required to obtain were not given "under their respective hands and official seals," as prescribed in the statute (section 5025), but were given under their hands only. These officers, however, have no official seals, and it is evident that the meaning of the legislature was to require such seals only from the other officers mentioned in the section, who have them.

3. The mortgaged premises consisted of two adjacent lots in a city, and they were neither appraised nor sold separately. No statute is cited which requires them to be sold separately. The decree directed that the mortgaged premises, or so much thereof as should be sufficient to raise the amount due to the appellee, "and which may be sold separately without material injury to the parties," be sold at public auction, by, or under the direction of, the master. This provision required the master to ascertain and determine whether or not these lots could be sold separately without material injury to the parties. The fact that he sold them together shows that he determined that question in the negative, and the evidence in this record proves that his decision was right. The lots are 66 feet in width, and 132 feet in length. Their front is on Pacific street. Lot 1 is on the corner of Tenth street and Pacific street, and has six two-story frame dwellings upon it, which face upon Tenth street. The half of lot 2, adjacent to lot 1, has a brick pavement and driveway upon it, which long have been, and still are, used by the occupants of the dwellings on lot 1, and which were both convenient and necessary for their use. The other half of lot 2 has a cottage upon it, but the two lots constitute one tract of land, and have been so used for years. There was no error in appraising and selling them as such.

4. The notice of the sale of the property was not posted on the door of the court house, and in five other public places, as directed by the statute of Nebraska in the case of execution sales of property situated in counties in which no newspaper is printed. Cobbey's Consol. St. Neb. 1891, § 5031; Parrat v. Neligh, 7 Neb. 456; Drew v. Kirkham, 8 Neb. 477;[1] Jones v. Null, 9 Neb. 254, 2 N. W. 350. But

[1] 1 N. W. 451.

there was a newspaper printed in the county in which this property was situated, and the notice was published in that newspaper, in compliance with the provisions of the statute of Nebraska and of the act of congress (27 Stat. 751, c. 225).

5. It is alleged that the property was sold at a grossly inadequate price. The evidence does not sustain the averment. The interest of the appellants was sold for more than two-thirds of its appraised value, which it is required to bring by the statutes of Nebraska, and no offer was presented to pay more for it.

6. It is insisted that the appraisement was too low, and there are eight affidavits to that effect in this record, and three to the effect that the property was not worth more than the appraisal. This evidence is insufficient to warrant a disturbance of the decision of this question by the master and the two sworn freeholders, whose duty it was to determine it, for the reasons stated in Seaman v. Insurance Co., 86 Fed. 493.

7. While E. S. Dundy, Jr., the master who made the sale, had taken and filed his oath as a standing master in chancery, he took no additional oath and filed no bond in this case. But neither the statutes of Nebraska, nor the decree under which he acted, required him to do so.

8. It is contended that Dundy had no authority to call the appraisers, or to make the sale, because he was the clerk of the United States district court, and he was the son of the judge of that court. 20 Stat. 415, c. 183; 24 Stat. 555, c. 373, § 7. This contention rests upon facts substantially the same as those set forth to sustain a similar position in Seaman v. Insurance Co., 86 Fed. 493, and it cannot be maintained, for the reasons stated in the opinion of this court in that case. The order below must be affirmed, with costs, and it is so ordered.

PHILIPS, District Judge. I dissent from the foregoing opinion for the same reasons assigned in the dissent in case of Seaman v. Insurance Co. (decided at this term) 86 Fed. 493.