# LYNCHBURG INVESTMENT CORPORATION *v.* RUDOLPH.

---

EMINENT DOMAIN; PUBLICATION OF NOTICE; BURDEN OF PROOF; DEDICATION; ASSESSMENT OF BENEFITS; INSTRUCTIONS TO JURY.

1. In condemning private property for public purposes, every step required to be taken by the public officials must be literally followed. (Following *Fay* v. *Macfarland*, 32 App. D. C. 295.)

2. The requirement of D. C. Code, § 491 [as amended, 34 Stat. at L. 151, chap. 2070], that "notice of not less than twenty days" of the institution of condemnation proceedings be given by advertisement in three daily papers, is not satisfied by six insertions of the notice in three daily papers, thirty-two days before the appearance day, but the notice should be published in three daily papers for at least

twenty days immediately preceding the appearance day; and failure to give the proper notice will render the entire proceedings void.

3. The failure of the court to instruct the jury, in a condemnation proceeding instituted by the Commissioners of the District of Columbia, to condemn land for street extension purposes, that the burden is upon the District to establish by a preponderance of evidence the extent of the special benefits accruing to the property as a basis for the assessment of benefits, is error, notwithstanding the statute proceeded under fixes the total amount of the benefits as equivalent to the award of damages, as the proportion of the total benefits that should be assessed upon each individual parcel within the entire radius must be ascertained.

4. In a proceeding to condemn land for street extension purposes, the jury should, in conformity with the requirement of D. C. Code, § 491g, be instructed that, in the assessment of benefits, it should take into consideration the value of the land dedicated by the parties in aid of the improvement; and failure to do so constitutes reversible error, although no instruction to that effect was asked by the property owner. (Citing *Brown* v. *Macfarland,* 19 App. D. C. 525.)

No. 2468.   Submitted February 4, 1913.   Decided February 25, 1913.

HEARING on an appeal by respondents from an order of the Supreme Court of the District of Columbia, confirming the verdict of a jury, awarding damages and assessing benefits in a condemnation proceeding.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from an order of the supreme court of the District of Columbia, confirming the verdict of the jury in a condemnation proceeding.   The proceedings were instituted by the Commissioners of the District of Columbia (Cuno H. Rudolph, John A. Johnston, and William V. Judson), under the provisions of the act of Congress approved June 30, 1911 (37 Stat. at L. p. 1, chap. 1), authorizing the extension and widening of Colorado avenue, northwest, from Longfellow street to Sixteenth street, and Kennedy street through lot numbered 800, square numbered 2718.

The Commissioners were required, within six months after

the passage of the act, to initiate proceedings in accordance with the provisions of subchapter 1 of chapter XV. of the Code of the District of Columbia for the condemnation of the necessary land and the assessment of benefits upon the property benefited by the opening of the streets.　The petition was filed, notice by publication given, and a jury appointed.　The jury returned a verdict awarding damages and assessing benefits.　Appellants, the Lynchburg Investment Corporation and the Holmes Central Realty Corporation, filed exceptions to the verdict, which were overruled, and an order was entered confirming the verdict.

*Mr. Joseph W. Cox, Mr. W. C. Sullivan, Mr. J. J. Darlington, Mr. A. E. L. Leckie,* and *Mr. John A. Kratz, Jr.,* for the appellants.

*Mr. Edward H. Thomas* and *Mr. James Francis Smith* for the appellees.

Mr. Justice Van Orsdel delivered the opinion of the Court:

The exceptions may be considered in the following order:

(1) Insufficiency of notice.

(2) Failure of the court to instruct the jury that the burden of proof was upon the District to show the extent of special benefits that would result to appellants' property from the opening of said street and avenue.

(3) Failure of the court to instruct the jury that, in determining the amount of benefits to be assessed against the land of appellants, consideration should be given to the fact that appellants had already dedicated part of their land for the extension and widening of the street and avenue in question.

Notice was given by publication.　The order provided that a copy of the "notice and order be published once in the Washington Law Reporter, and on six secular days in the Washington Evening Star, the Washington Herald, and the Washington Post, newspapers published in the said District, commencing at

least twenty days before the said 9th day of January, A. D. 1912." It appears that the publication so ordered was made and completed within nine days, and the last publication was made thirty-two days prior to the appearance day.

Section 491c, D. C. Code, authorizing service by publication, provides: "The said court shall cause public notice of not less than twenty days to be given of the institution of such proceeding, by advertisement in three daily newspapers published in the District of Columbia, which notice shall warn and require all persons having any interest in the proceeding to appear in court at a day to be named in said notice, and to continue in attendance until the court shall have made its final order ratifying and confirming the award of damages and the assessment of benefits by the jury herein provided for; and in addition to such public notice, said court shall cause a copy of said notice to be served by the United States marshal for the District of Columbia, or his deputies, upon such owners of the land to be condemned as can be found by said marshal, or his deputies, within the District of Columbia, and upon the tenants and occupants of the same." [As amended, 34 Stat. at L. 151, chap. 2070.] The notice provided for is intended to reach two classes of property owners: first, it is the only notice provided to be given those against whom assessments for benefits may be made, due to the fact that such persons can only be ascertained from the return of the jury, neither the court nor the Commissioners of the District being advised in advance of the persons who may be embraced within this class; second, those whose land is to be condemned, of whom the court has notice in advance from the petition, which is required to "contain a particular description of the land to be condemned and the names of the owners of the fee of said land and their residences, so far as the same may be ascertained, together with a plan of the land to be taken." D. C. Code, sec. 491b. As to this class, additional summons by the marshal is required where possible. It appears, however, that appellants were the owners of lots abutting on both Colorado avenue and Kennedy street, portions of which had been dedicated to the District for the opening and widening of said streets. Appellants,

therefore, had no land subject to condemnation under this proceeding. Their sole interest centered in the amount of assessment for benefits which they might be required to pay. Notice could only be given them, therefore, through the medium of publication.

The validity of the service by publication is assailed upon the ground that the notice should have been published daily for at least twenty days immediately preceding the appearance day. The statute is not difficult to construe. It clearly requires that notice shall be published in three daily papers for at least twenty days. This requirement cannot be satisfied by six insertions of the notice in three daily papers, thirty-two days before the appearance day. If six insertions of the notice are sufficient, one is sufficient; and if it can be inserted thirty-two days before the appearance day, it could be inserted six months before.

In *Delogny* v. *Smith,* 3 La. 418, 423, the court, dealing with a similar situation, said: "The law does not say whether the three months in which the sale should be advertised are the three months immediately preceding the sale. But we think that such is the sound construction. Otherwise the corporation might give the notice at any time they pleased, and at so great an interval of time as to render nugatory nearly all the objects to be attained by advertising."

It is well settled by the State decisions construing similar statutes that, if the notice is required to be published for a certain period, or not less than a certain number of days before return day, if the publication is required to be made in a daily paper, it means daily publication for that period. *Stine* v. *Wilkson,* 10 Mo. 75; *Washington* v. *Bassett,* 15 R. I. 563, 2 Am. St. Rep. 929, 10 Atl. 625; *Allen* v. *Kerr,* 13 Lea, 256. If publication is required to be made in a weekly paper, the notice must be published each week during the period. *Armstrong* v. *Scott,* 3 G. Greene, 433; *Leffler* v. *Armstrong,* 4 Iowa, 482, 68 Am. Dec. 672. And where publication is required to be made for a certain number of days before the return day, and no daily paper is available in which to publish the notice, it is sufficient if the notice be published in a weekly paper each week during

the period. *Nebraska Land S. G. & Invest. Co.* v. *McKinley-Lanning Loan & Trust Co.* 52 Neb. 410, 72 N. W. 357; *Leffler* v. *Armstrong,* supra. In the present case, notice by publication is the only method provided for notifying persons against whose property benefits may be assessed. It is of the highest importance that everyone interested should have due notice. To that end wide publicity of the proposed proceedings should be given. The object of notice is to give the owners of property to be affected by the proposed proceedings opportunity to defend against the lien for taxes to be charged against it. One of the chief constitutional guaranties is that no one shall be deprived of his property or his liberty without due notice and an opportunity to be heard in his own defense. "No principle is more vital to the administration of justice than that no man shall be condemned in his person or property without notice and an opportunity to make his defense. And every departure from this fundamental rule, by a proceeding *in rem,* in which a publication of notice is substituted for a service on the party, should be subjected to a strict legal scrutiny. Jurisdiction is not to be assumed and exercised in such cases upon the general ground that the subject-matter of the suit is within the power of the court. This would dispense with the forms of the law, prescribed by the legislature, for the security of absent parties. The inquiry should be, have the requisites of the statutes been complied with, so as to subject the property in controversy to the judgment of the court, and is such judgment limited to the property named in the bill? If this cannot be answered in the affirmative, the proceedings of the court beyond their jurisdiction are void." *Boswell* v. *Otis,* 9 How. 336, 350, 13 L. ed. 164, 170.

In matters affecting private property rights of persons, companies, or corporations, where it is sought to take it for the public good, liberal construction should be indulged in favor of the parties thus affected, and every step required to be taken by the public officials in thus subjecting private property to public use must be literally followed. As was said in *Fay* v. *Macfarland,* 32 App. D. C. 295: "The Commissioners are creatures of statute. They possess no implied powers. Their authority to act must

be gathered from the express terms of the law granting it. Hence, in any attempt to act under a statute granting authority, they must comply literally with its requirements. Neither has the court any implied jurisdiction in the premises. Every requirement of a statute conferring jurisdiction upon the court to entertain a proceeding, providing a legal method of taking private property, must be complied with to the letter. It must clearly appear, either by express admission of the parties, or by competent evidence, that all the jurisdictional requirements are present, before the court can lawfully proceed."

The failure of the court below to establish its jurisdiction by proper notice against appellants is fatal, and renders the whole proceeding void and of no effect.

The failure of the court to instruct the jury that the burden was upon the District to establish by a preponderance of the evidence the extent of the special benefits accruing to the property as a basis for the assessment of benefits was error. The burden of establishing a fact is upon the affirmative party. Here, the whole proceeding was initiated primarily for the benefit of the District, and at the instance of its Commissioners. Appellants were not required to assume the burden of proving the negative proposition that they were not benefited to a certain amount. It was upon the District to establish by competent proof the amount of the benefits before appellants could be put upon their defense. In these proceedings relating to the assessment of benefits, the District stands in the light of a plaintiff, and the property owners are defendants. The assessment of the jury must rest upon sufficient evidence, since there is no presumption of law as to its correctness. *Baltimore* v. *Smith & S. Brick Co.* 80 Md. 458, 31 Atl. 423. In *Baltimore* v. *Hurlock,* 113 Md. 674, 78 Atl. 558, the court said: "In the case of assessing benefits from opening a street, the initial question is as to the existence or creation of benefits as a fact. The opening of the street may result in damage instead of benefit to the property. Before the alleged benefits can be assessed, it must be shown that there are benefits to be assessed, and the burden of proof is, and must be, upon every principle of law,

upon the one alleging the existence of benefits, not only to show the existence, but the extent of such benefits." We are not unmindful that the act of Congress fixes the total amount of the benefits in the present case as equivalent to the award of damages; but if the burden of proof is upon the one alleging the benefits where they are not already ascertained in the act, certainly, on the same reasoning, the burden would be upon the party instituting the condemnation proceedings to establish by competent evidence the proportion of the total benefits that should be assessed upon each individual piece of property within the entire radius. It is unnecessary to decide whether it was reversible error to refuse this instruction, in the light of the other instructions given, since there must be a reversal upon other grounds.

Appellants assail the judgment chiefly upon the failure of the court to instruct the jury that, in the assessment of benefits, it should take into consideration the value of the land theretofore dedicated to the District by appellants. Section 491g of the District Code, among other things, provides: "Where part of any lot, piece, parcel, or tract of land has been dedicated for the opening, extension, widening, or straightening of the street, avenue, road, or highway, the jury, in determining whether the remainder of said lot, piece, parcel, or tract is to be assessed for benefits, and the amount of benefits, if any, to be assessed thereon, shall also take into consideration the fact of such dedication and the value of the land so dedicated." [As amended, 34 Stat. at L. 930, chap. 1195.]

It appears that upon the basis of the lowest valuation fixed by the jury, the value of the land dedicated by appellant Lynchburg Investment Corporation is $21,000; and upon the same basis the value of the land dedicated by appellant Holmes Central Realty Corporation is $15,000. From an examination of the record, we are convinced that the jury did not take into consideration these valuable dedications to the District in assessing benefits. In fact, in the bill of exceptions it is stated that no evidence was presented on this subject. Appellants' lands seem to have been assessed higher than those who had made no dedica-

tion.   Indeed, it is difficult to determine upon what hypothesis
the jury proceeded in assessing benefits in this case.   The equal-
ity of an assessment must be apparent upon the face of the rec-
ord.   *Brandenburg* v. *District of Columbia,* 205 U. S. 135, 51
L. ed. 743, 27 Sup. Ct. Rep. 440.   It is no answer that appel-
lants did not request this instruction.   It was the duty of the
court to follow the plain mandates of the law.   The dedication
of the land in question was a fundamental issue in arriving at a
just assessment.   In fact, no just assessment could be made
without first considering the dedication.

The court, in *Brown* v. *Macfarland,* 19 App. D. C. 525, con-
sidering a similar mandatory provision relative to condemnation
proceedings, said: "It is urged that the appellants did not, in
terms, demand that the second jury of twelve should be ordered,
and therefore the court was justified in ratifying the verdict of
seven.   But it must be borne in mind that it was not the duty of
the appellants, as owners of lands proposed to be condemned, to
demand a summoning of a second jury.   The statute does not
require it of them.   That is the duty of the authorities author-
ized to institute and prosecute the proceedings of condemnation
to completion.   The owners of the land proposed to be con-
demned are placed in the position of defendants or opponents of
the proceeding of condemnation; and, consequently, all affirma-
tive acts prescribed by the statute in perfecting the proceeding
must be shown to have been complied with by the parties au-
thorized to take and prosecute the proceeding.   The whole
proceeding is strictly statutory, and it must be affirmatively
shown that all the provisions of the statutes that apply to the
proceedings have been subsantially complied with.   Otherwise
the whole proceeding would be void and without effect."

There is no theory upon which this omission of the court
can be regarded as harmless error.   Neither can the error be
corrected by the reversal of the judgment in part, as may be
done under the statute where the correction will work no injus-
tice.   It is impossible here to separate the assessments for bene-
fits.   Hence, new assesments should be made, taking into con-
sideration the dedications of appellants.   When this is done,

it will doubtless demand an entire reapportionment between the properties found to be benefited.

The judgment is reversed with costs, and the cause remanded for further proceedings.                    *Reversed.*

A motion by the appellee for a reargument was overruled April 9, 1913. A motion by the appellee to recall the mandate was granted May 13, 1913. A writ of certiorari from the Supreme Court of the United States, to remove the cause to that court for review, was allowed by that court, and was received June 3, 1913.