ROWENA S. CRAIG, APPELLANT, V. OLIVER STEVENSON
ET AL., APPELLEES.

1. **Judicial Sale.** The mortgaged premises consisting of three city lots upon which were situated a dwelling-house and appurtenances, some portion of which extended to and upon each of the said lots, were properly sold in gross, and the sale upheld.

2. ———: APPRAISEMENT. The provisions of the statute requiring a sheriff to deduct from the real value of lands levied on, etc., the amount of all liens and incumbrances for taxes or otherwise, prior to the lien of the judgment under which the execution is levied, etc., being for the sole benefit of the plaintiff in such proceeding, may be waived by him.

APPEAL from Otoe county. Heard below before POUND, J.

*Watson & Wodehouse*, for appellant.

*S. H. Calhoun*, for appellees.

COBB, CH. J.

This is an appeal from the judgment of the district court of Otoe county overruling certain exceptions to the report of the sheriff of the sale of certain mortgaged premises, and confirming the sale thereof.

The following are the points made by appellant in her exceptions:

"1. That said sale was illegal, irregular, and was not made according to law.

"2. There was no valid appraisement made by the sheriff of the property pretended to be sold.

"3. That said lots were not appraised separately as required by law, that lot one in said block twelve was never appraised by said sheriff at all, and that lot three was not appraised at all.

"4.  That there were no certificates of liens obtained by the sheriff or appraisers for said appraisement frcm the treasurer, nor from the clerk of the district court, nor from the county clerk of said county, nor were any such certificates ever filed with said appraisement, as required by law.

" 5.  That said appraisement was not made as is required by law, to-wit: by ascertaining the gross value of each of said lots and deducting the liens therefrom.

" 6.  That plaintiff's attorney had no right or authority to waive said certificates of liens.

" 7.  That no copy of said pretended appraisement was ever filed or deposited in the office of the clerk of said court.

" 8.  That said lots were not offered for sale or sold separately, as required by law."

It appears from affidavits filed at the hearing of the motion to set aside the sale, and in resistance of the motion to confirm the same, that the property consists of three lots of less than the usual size, in said Nebraska City; that said lots adjoin each other and are cut off and isolated from all other lots by either streets or alleys; there is a dwelling-house situated upon said lots, some part of which dwelling and appurtenances extends to and upon parts of each of the said lots.

In an early case, *Laughlin v. Schuyler*, 1 Neb., 409, this court stated the law, as applicable to that case, that each lot or parcel of ground should have been appraised and sold separately.  The report of this case is quite meagre, the only fact given being that the case was an appeal from an order confirming a sale of mortgaged premises upon a decree of foreclosure.  But in the case of *Eaton v. Ryan*, 5 Neb., 47, the court, in the opinion by C. J. LAKE, who also wrote the opinion in the other case, say:  "The fact that the tract of land as sold in one body was composed of what was formerly distinct parts of separate city lots is of no consequence, nor does it bring the case within the rule laid

down in *Laughlin v. Schuyler*, 1 Neb., 409, where it was held that two city lots entirely distinct from each other should be appraised and sold separately."

It was the practice of courts of equity, as I understand it, before the adoption of the code system, in most of the states, to decree the sale of mortgaged premises, although composed of several parcels, together, except when, in the anguage of the decree, the same could be sold separately without injury to the parties interested therein. But it is not necessary to distinguish this case from *Laughlin v. Schuyler*, as explained by *Eaton v. Ryan*, in order to uphold the sale in the case at bar on that point.

The provisions of the statute for the ascertaining of prior liens existing on lands appraised for sale on legal process, and for deducting the amount of such liens from the value of such lands, and fixing the amount of such value less that of all prior liens as the true amount at which lands shall stand as appraised, etc., were enacted solely for the benefit of the plaintiff in such proceedings, and neither for the benefit of the defendant, nor of strangers who may become bidders at such sale. It therefore follows that the plaintiff may waive the lien certificates. He certainly can in a case like the one at bar, where there was a moral certainty that there would be a large deficiency and the plaintiff obliged to lose all costs and disbursements.

The order of the district court confirming the sale must be affirmed. By the court,

ORDER AFFIRMED.