JENNIE T. VOUGHT v. J. H. FOXWORTHY, APPELLANT, AND H. B. STRAUT, APPELLEE, ET AL.

FILED JANUARY 4, 1894.   No. 5275.

1. Judicial Sales: APPRAISEMENT: MOTION TO VACATE. Appraisers of property for sale under execution act judicially, and on motion to vacate such sale, the value fixed by them on the property appraised can only be assailed for fraud. Objection that the appraised value of the property is too high or too low should be made and filed in the case with a motion to vacate the appraisement before a sale occurs thereunder.

2. To justify the setting aside of a sale on the ground that the property was appraised too low, the actual value of the property must so greatly exceed its appraised value as of itself to raise a presumption of fraud in the making of the appraisement.

APPEAL from the district court of Lancaster county. Heard below before TIBBETS, J.

*Adams & Scott,* for appellant, cited : *Demaray v. Little,* 19 Mich., 244; *Capital Bank of Topeka v. Huntoon,* 35 Kan., 577; *Morris v. Robey,* 73 Ill., 462; *Sinnett v. Cralle,* 4 W. Va., 600; *Gould v. Gager,* 18 Abb. Pr. [N. Y.], 32; *Griffith v. Hadley,* 10 Bosw. [N. Y.], 587; *King v. Morris,* 2 Abb. Pr. [N. Y.], 296 ; *Seller v. Lingerman,* 24 Ind., 264; *Davis v. McGee,* 28 Fed. Rep., 867 ; *Carden v. Lane,* 2 S. W. Rep. [Ark.], 709; *Bean v. Hoffendorfer,* 2 S. W. Rep. [Ky.], 556 ; *In re Palmer,* 13 Fed. Rep., 870.

*B. F. Johnson,* contra, cited: *Neligh v. Keene,* 16 Neb., 407; *Crowell v. Johnson,* 2 Neb., 146; *Day v. Thompson,* 11 Neb., 123; *Wilcox v. Raben,* 24 Neb., 368.

RAGAN, C.

On the 9th day of October, 1890, the district court of Lancaster county, sitting in equity, rendered a decree of

foreclosure of a mortgage against lots 5 and 6, in block 230, in the city of Lincoln.   The amount of the decree was $1,200, and was to draw interest at the rate of ten per cent per annum from the date of its rendition.   It was in favor of Jennie T. Vought and against Jefferson H. Foxworthy *et al.*   September 28, 1891, an order of sale was issued, and on November 17, 1891, the land was sold at public auction by the sheriff to one H. B. Straut for $350. The land was appraised at $500.   November 25, 1891, a motion to confirm the sale was filed by the purchaser and the complainant in the decree; and the court made an order requiring the defendants to the foreclosure proceedings to show cause on Monday, November, 30, 1891, why the sale should not be confirmed.   On Tuesday, December 1, 1891, no objections to the confirmation of such sale having been made, the court duly confirmed it, ordered the sheriff to execute a deed to the purchaser of the property, and rendered a deficiency judgment against Jefferson H. Foxworthy and Alice Foxworthy for $1,042.07, to draw interest at the rate of ten per cent per annum.   December 2, 1891, Jefferson H. Foxworthy filed a motion to set aside the confirmation of said sale and said deficiency judgment on the grounds (1) that the confirmation and deficiency judgment were procured by the fraudulent practices of counsel for Mrs. Vought; (2) that the property was not appraised at anything near its actual value.   The court overruled this motion and Mr. Foxworthy brings the case here.

In support of the first ground of his motion Foxworthy filed the affidavit of himself and one Wade, stating that prior and subsequent to the sale he had an agreement with Mrs. Vought and her counsel that Foxworthy should pay a certain sum of money in compromise of the decree.   If Foxworthy did not make this payment prior to the close of the term of court then sitting, Vought's counsel should file his motion to confirm in time to procure a confirmation during the term then in session; that on Saturday, No-

vember 28, 1891, Foxworthy sent by Wade a note to Vought's counsel. The note is as follows: "Dear Sir : What have you done as yet, if anything, about the confirmation of the sale in the Vought case? I am going out to my farm tomorrow and will not be in until Tuesday noon. Answer." That the counsel to whom this was addressed "told me (Wade) to tell Mr. Foxworthy that he had done nothing as yet except file a motion for confirmation, but that he would go up to the court house Monday and look after it;" that counsel for Vought had promised Foxworthy to keep him posted on what he (Vought's counsel) was doing and going to do in the case; that he relied on counsel's promise and understood from the message sent by Wade that counsel would take his order to show cause on Monday, if he (Foxworthy) did not make the compromise payment agreed on; that he was absent from the city when the sale was confirmed.

To support the second ground of his motion, that the property was appraised very much below its value, his affidavit fixed the value of the property as high as $3,000 in trade; but no facts are offered showing, or tending to show, that the appraisers acted in bad faith, or that there was any fraud or deceit practiced by any one in regard to the appraisement.

The affidavits filed in opposition to this motion show that Mrs. Vought and her counsel, about the time the order of sale was issued, agreed with Foxworthy to take a certain sum in compromise of the decree if the same was paid before the sale of the land under the decree; that Foxworthy made no payment before the sale and did not appear thereat; that after the sale Foxworthy informed Vought's counsel that he (Foxworthy) was about to procure a loan of $500 on the property from Zeigler & Ward for the purpose of making the compromise settlement; that Vought's counsel immediately called on Zeigler & Ward in regard to this and was by them informed that they would not make

a loan on this property; that counsel for Vought sent word on Saturday, November 28, to Foxworthy by Wade that the motion to confirm the sale was on file and would be called up on Monday, December 1, 1891, and that Mr. Foxworthy had better be present. The record does not disclose any offer or tender by Mr. Foxworthy to pay the amount agreed on in compromise at any time. We cannot say the court erred in overruling this motion. More than a year elapsed between the date of the decree and the sale. The entire proceedings were regular. Foxworthy knew on Saturday afternoon there was a motion on file to confirm the sale, and Wade told him that Vought's counsel said he would go to the court house Monday and see about it. Mr. Foxworthy ought not to have been misled by this. It was not intended to lull him into a feeling of security. The confirmation of this sale was not procured through sharp practice or unprofessional or discourteous conduct on the part of Vought's counsel. The record does not disclose when the term of court closed, but the sale was confirmed on the fifty-seventh day of the term; and no showing was made on the hearing of the motion to set the sale aside, that Mr. Foxworthy was then ready to carry out the compromise.

Appraisers of property about to be sold under execution act judicially, and the value fixed by them on property appraised can only be assailed for fraud. Inadequacy of the appraised value alone is not sufficient cause for setting aside a sale in the absence of fraud. To justify the vacation of a sale on the ground that the appraisement was too low, the actual value of the property must so greatly exceed its appraised value as to raise a presumption of fraud. All the affidavits filed in this case on the question of the value of the property were immaterial. There was no averment in the motion to set the sale aside of any fraudulent conduct on the part of the appraisers in making this appraisement; nor averment of any fraud or unfair means resorted

to by the appraisers at the sale, or other party to the suit, conducing to the making of this appraisement. No facts were stated in the affidavits showing any fraudulent conduct on the part of any one in the making of the appraisement, nor can any such inference be drawn from the facts stated. The appraisement is assailed for error of judgment upon the part of the appraisers, and this furnishes no ground for setting the sale aside. (*Harris v. Gunnell*, 9 S. W. Rep. [Ky.], 376.) It remains to be said that the value of the property, as shown by the affidavits filed in support of the motion to set the sale aside, does not so greatly exceed its appraised value as to raise a presumption of fraud. Parties desiring to make objections to the value fixed on property appraised for sale under execution, whether on the ground that such valuation is too high or too low, should make and file such objections in the court where the case is pending, together with a motion to set aside such appraisement before the sale occurs. The party seeking the sale of the appraised property would thus have notice of the objections to its appraised value, and he could either proceed to sale and take his chances of the appraisement being finally set aside, or could stay the sale until such time as the court should decide the question as to the correctness of the appraisal made. The judgment of the district court is right and is

AFFIRMED.