JOHN SMITH, APPELLEE, V. JEFFERSON H. FOXWORTHY, APPELLANT, ET AL.

FILED FEBRUARY 6, 1894. NO. 5097.

1. *Vought v. Foxworthy*, 38 Neb., 790, reaffirmed.

2. **Judicial Sales:** APPRAISEMENT: CONFIRMATION. The provisions of the statute requiring a sheriff to deduct from the real value of the lands levied upon the amount of liens and incumbrances prior to that of the mortgage which the property is ordered sold to satisfy, being for the sole benefit of the plaintiffs, the defendant, owner of the equity, cannot be heard to object to the confirmation of the sale because such liens and incumbrances were not deducted in making the appraisement. *Craig v. Stevenson*, 15 Neb., 362, followed.

3. **Notice of Judicial Sales:** PUBLICATION. The statute providing for notice of sales of land upon execution or foreclosure does not require that the newspaper in which such notice is published shall have a general circulation in any particular city or portion of the county.

4. **Order of Sale:** NOTICE TO DEFENDANT. It is neither fraudulent nor unfair for the plaintiff in a foreclosure case to proceed with all legal dispatch after the time of redemption has expired, nor is he required to give the defendant notice of the issuance of the order of sale.

5. **Excessive Costs:** MOTION TO RETAX. If excessive costs have been taxed in the proceedings incident to the sale, the remedy is by a motion to retax costs, and not by objection to the confirmation of the sale.

APPEAL from the district court of Lancaster county. Heard below before FIELD, J.

*J. H. Foxworthy*, appellant, *pro se.*

*Westermann, Low & Gould*, contra.

IRVINE, C.

This is an appeal by the defendant Foxworthy from an order confirming a sale of his real estate made under a de-

cree of foreclosure formerly entered in the cause. The grounds upon which confirmation was resisted will be treated in their order:

1. That the appraisement was too low. In *Vought v. Foxworthy*, 38 Neb., 790, it was held that on motion to vacate a sale the value fixed by the appraisers can only be assailed for fraud; that objections upon the ground that the appraised value is too high or too low should be filed with a motion to vacate the appraisement before the sale occurs, and that to justify the setting aside of a sale on the ground that the property was appraised too low the actual value must so greatly exceed the appraised value as to raise a presumption of fraud in the making of the appraisement. We are entirely satisfied with the conclusion reached in that case. There is no allegation here that the appraisers were guilty of fraud, and there is a great deal of evidence to confirm the valuation placed by them upon the property.

2. That there were no certificates of liens and incumbrances obtained, procured, or filed, and that such certificates had not been waived. In *Craig v. Stevenson*, 15 Neb., 362, it was held that the provisions for such certificates and the deduction in making the appraisement from the real value of the property of the amount of prior incumbrances were for the sole benefit of the plaintiff and might be waived by him. The rule laid down in that case is undoubtedly correct. The plaintiff did not object to the failure to procure certificates, but asked for confirmation notwithstanding that fact. This constituted a waiver upon his part. The defendant cannot complain. The "set up" price, if there were incumbrances, being increased by the failure to certify them, the defendant thereby received a benefit rather than suffered a disadvantage.

3. That there was no such notice of sale as is required by law. In support of this objection the defendant contends that the notice was not published in such a newspaper as the law requires. It appears that it was published

in the *Lincoln Weekly News.*   The affidavit proving publication contains the averment that the paper was of general circulation in Lancaster county.   There is another affidavit in the bill of exceptions that the paper has a circulation in Lancaster county of between nine hundred and one thousand copies per week.   This is only met by proof in general terms by affidavit of defendant that the paper is not of general circulation in the city of Lincoln as he believes. Section 497 of the Code requires notice to be published " in some newspaper printed in the county, or in case no newspaper be printed in the county, in some newspaper in general circulation therein."   It is not required that the newspaper shall have a general circulation in any particular city or portion of the county.   The publication of this notice satisfied the requirements of the statutes, and if those requirements do not insure a proper publicity, the remedy lies with the legislature and not with the courts.

4. Fraud in the proceedings.   The allegations in support of this objection are as follows :

(*a.*) That the proceedings were hurried through while the defendant was perfecting a loan with which to pay off the debt.   Decrees always provide a reasonable period within which to redeem after decree, and in addition to that period the defendant in this state is entitled to an extended stay of execution without a bond.   If he fails to redeem within the time thus given him he cannot complain because the plaintiff proceeds with all the dispatch the law permits.

(*b.*) No notice was served on the defendant of the issuance of the order of sale until within two days of the sale, and the defendant did not know of its issuance.   The statute does not require that the defendant should be notified of the issuance of an order of sale.   It is a matter of record of which he must take notice.

(*c.*) The third, fourth, and fifth allegations of fraud relate to the publication of the notice and the failure to procure certificates.   These subjects have already been treated.

(*d.*) The costs of publication were $6, when they should not have been over $2.75. The remedy for this would be by motion to retax the costs, and not to set aside the sale.

There is no fraud alleged and the proof does not even support such allegations as were made.

The judgment of the district court was right and is

AFFIRMED.