KEARNEY LAND & INVESTMENT COMPANY, APPELLEE,
v. C. I. ASPINWALL ET AL., APPELLANTS.

FILED JUNE 21, 1895.  No. 6386.

1. **Executions:** APPRAISAL: OBJECTIONS.  Parties desiring to make objections to the value fixed on property appraised for sale under execution, whether on the ground that such valuation is too high or too low, should make and file such objections in the court where the case is pending, together with a motion to set aside such appraisement, before the sale occurs.

2. ——: ——: ATTACK.  Appraisers of property for sale under execution act judicially, and on motion made after such sale to vacate the same, the value fixed by them on the property appraised can only be assailed for fraud.

3. —— : ——: SALES.  To justify the setting aside of a sale on the ground that the property was appraised too low the actual value of the property must so greatly exceed its appraised value as of itself to raise a presumption of fraud in the making of the appraisement.  *Vought v. Foxworthy*, 38 Neb., 790, followed.

4. —— : ——: MORTGAGES: DUTY OF OFFICER.  It is the duty of an officer holding an execution for the sale of real estate to cause said real estate to be appraised and forthwith—immediately—deposit a copy of the appraisement made with the clerk of the court issuing the order of sale, in order that parties interested in the property may know what value has been placed thereon by the appraisers, and if they think such appraisement too high or too low, that they may have an opportunity to file objections to the appraisement on that ground before the sale occurs.

5. ——: ——: ——: OBJECTIONS.  After such sale is made it is too late for the parties for the first time to question the correctness of the appraisement made on any other ground than that of fraud.

APPEAL from the district court of Buffalo county. Heard below before HOLCOMB, J.

*Willis L. Hand*, for appellants.

*Calkins & Pratt, contra.*

RAGAN, C.

This is an appeal from the district court of Buffalo county confirming a sale of real estate made in pursuance of a decree of foreclosure of a mortgage thereon. The order of sale was issued on the 9th day of September, 1892. On the 21st of September, 1892, the sheriff caused the property to be appraised. On the 2d day of November, 1892, the sale was made. On the 22d of December, 1892, the appellants, defendants to the mortgage foreclosure suit in the court below, filed objections to the confirmation of the sale, the grounds of said objections being that the appraisement of the property was unjust and too low. The property consisted of twelve lots in additions to the city of Kearney, Nebraska, and the interest of the appellants in said property was appraised at $2,348.70. At the sheriff sale the property was sold to the appellee for $1,600. When the case came on for hearing on the motion to confirm the sale and the objection of the appellants thereto, the appellee voluntarily raised its bid $748, and thereupon the court overruled the objection of the appellants to the confirmation of the sale and confirmed the same. We cannot disturb this decree. The appellee was entitled to a confirmation of the sale on its first bid of $1,600. Appraisers of property sold on execution or in pursuance of a decree in equity act judicially. This property was appraised and, we presume, the appraisement forthwith returned and deposited with the clerk of the court who issued the order of sale on the 21st of September, 1892. The appellants then knew on that date what the appraisement made was. If they thought that it was too high or too low they should at once have filed objections to the appraisement for that reason, and such objection would have arrested the sale until after such objections were disposed of by the court, or the plaintiff in the decree would have made the sale at his peril. The appellants, however, did

not do this, but waited until after the sale was made on the 2d of November, and for more than one month after that time before they filed any objection to the appraisement made.    After the sale was made it was too late for the appellants, for the first time, to question the correctness of the appraisement made of the property on any other grounds than that of fraud.    In *Vought v. Foxworthy*, 38 Neb., 790, it was held: " Parties desiring to make objections to the value fixed on property appraised for sale under execution, whether on the ground that such valuation is too high or too low, should make and file such objections in the court where the case is pending, together with a motion to set aside such appraisement, before the sale occurs.    The party seeking the sale of the appraised property would thus have notice of the objections to its appraised value, and he could either proceed to sale and take his chances of the appraisement being finally set aside, or could stay the sale until such time as the court· should decide the question as to the correctness of the appraisal made." Appraisers of property for sale under execution act judicially, and on motion made after such sale to vacate the same the value fixed by them on the property appraised can only be assailed for fraud. Objection that the appraised value of the property is too high or too low should be made and filed in the case with a motion to vacate the appraisement before a sale occurs thereunder. (*Smith v. Foxworthy*, 39 Neb., 214.)    The decree of the district court is

AFFIRMED.