AMERICAN INVESTMENT COMPANY, APPELLEE, V. GREGOR MCGREGOR, APPELLANT, ET AL.

FILED JUNE 3, 1896.   No. 6652.

1. **Mortgages: JUDICIAL SALES: APPRAISEMENT.** That appraisers added together the valuations of pieces of property of which a decree of foreclosure had been rendered and order of sale issued, and from the aggregate sum deducted the incumbrances, when it further appeared that each piece sold for more than two-thirds of its appraised value, *held* not prejudicial and not cause for setting aside the sale.

2. **Review.** In the absence from the record of anything to the contrary, the proceedings in a trial court are conclusively presumed to have been regular and will not be disturbed.

3. **Judicial Sales: APPRAISEMENT: CONFIRMATION.** The provisions of the statute requiring the sheriff to deduct from the real value of lands levied upon the amount of the liens and incumbrances prior to that of the mortgage which the property is ordered sold to satisfy, being for the sole benefit of the plaintiff, the defendant, owner of the equity, cannot be heard to object to the confirmation of the sale because such liens and incumbrances were not deducted in making the appraisement. *Smith v. Foxworthy*, 39 Neb., 214, followed.

4. ———: ———: DESCRIPTION. The finding and order of the judge, who confirmed a sale of real estate made under an order of sale in mortgage foreclosure proceedings, in regard to errors in the description of the real estate sold, which appeared in the appraisal or copy thereof on file in the case, examined and approved.

APPEAL from the district court of Cedar county. Heard below before NORRIS, J.

*A. M. Gooding* and *Miller & Ready*, for appellant.

*Wilbur F. Bryant* and *J. C. Robinson*, contra.

HARRISON, J.

Gregor McGregor, defendant in an action of foreclosure of a real estate mortgage, presents this, an appeal from an order of confirmation of a sale, made subsequent and pursuant to the decree of foreclosure, of the property

included in the mortgage. The objections to the confirmation urged in the district court were as follows:

"1. The property was not sold for a sum equal to two-thirds of its appraised value.

"2. The property, described as lots 5 and 6 of block 25, was appraised at the sum of $275, whereas in truth and in fact such property is worth a sum much greater than the sum of $275, to-wit, the sum of $1,500 and upwards, as shown by affidavits of record in this case.

"3. The incumbrances against said property were not taken into consideration by the appraisers therein, for that the applications for certificates from the county clerk and county treasurer were not required of such officers and gotten by the sheriff until after such appraisement was made.

"4. The interest of defendant McGregor and the other defendants herein were and are not specifically set out and appraised.

"5. The return and record nowhere show the separate interest of defendant McGregor and the other defendants.

"6. The court had no jurisdiction to render a decree against Lemon & McGregor, a partnership, for that such partnership was not sued and was not served with any order or summons from this or any other court in this case to appear and defend, and made no voluntary or any appearance whatsoever in the case. Wherefore defendant McGregor asks that such sale be not confirmed, and for such other relief as equity may require."

We will notice the objections in the order in which they were stated and numbered in the pleading filed in the district court. Of the portions to be considered we have just given a copy. It is contended that the property did not sell for two-thirds of its appraised value. The sale was of lots 5 and 6 in block 25, and the west fifty feet of lots 5 and 6 in block 43, in the village of Hartington, Nebraska. The first mentioned two lots were given by the appraisers the value of $1,800, and the portions of the lots in block 43 an appraised valuation

of $275, making a total of $2,075, from which sum they deducted taxes in the sum of $142.44 and mortgages $830, giving a total of liens and incumbrances of $972.44, deducting which from the $2,075 there remained the sum of $1,102.56, which was stated by the appraisers to be the real value in money of the interest of "Gregor Mc-Gregor *et al.*" in the premises. The two lots in block 25, the return of the officer shows, were sold for $700, and the parts of lots in block 43 for $200, a total of $900, more than two-thirds of the appraised value of $1,102.56, in the aggregate, of all the property sold. Of the record in the district court there has been removed to this court but few of the papers,—a copy of the appraisal, the notice of sale and proof of its publication, the return to the order of sale, the objections to confirmation, and the order confirming the sale; but from such parts of the record as we have here it is apparent that of the incumbrances deducted from the total of the valuations placed by the appraisers on the lots and parts of lots the sum of $830 was of a mortgage lien against the lots in block 25, and this sum subtracted from $1,800, at which sum their gross value was placed, leaves $970. We have before said that the return of the officer to the order of sale disclosed that these lots sold for $700, more than two-thirds of their appraised value after deducting incumbrances. As we have before stated, the parts of lots in block 43 sold for $200, which was more than two-thirds of their value, $275, as assessed by the appraisers, with no incumbrances deducted. From this it is clear that each portion of the property sold brought at the sale more than two-thirds of the appraised valuation thereof. It was not prejudicial to the rights of appellant that the appraisers added the valuation of the pieces of property together and from that sum deducted the incumbrances, since, as we have seen, each piece sold for a sum in excess of two-thirds of its real value as ascertained by the appraisers.

The second objection, for certain well-grounded reasons

stated by counsel for appellant in their brief, is not discussed and need not be considered.

The third objection was that the applications to the county clerk and county treasurer for certificates in regard to any incumbrances existing against the property were not made and the certificates procured prior to the appraisement, and consequently the incumbrances were not considered by the appraisers in perfecting the appraisal of the property. It is asserted in the argument of counsel for appellant that the applications above referred to were not made until the day of appraisement, as is shown by their dates, and that one of the certificates is of date April 7, a day later than the day of the appraisement, which, according to copy in the record, was of April 6; and further, that one certificate is without date. Whether these are facts or not we cannot say, as the applications and certificates, or copies thereof, are not of the record here. All that we have is a copy of the appraisement of the property, from which it appears that the incumbrances were deducted in making it, the officer's return to the order of sale, in which it is stated that the certificates were obtained and filed as required by law, and the finding of the judge that the sale in these, as well as all other particulars, was regular and made and conducted according to law. The conclusion, from our examination of the record, is irresistible that the branch of the objection which was predicated on an irregularity in obtaining the certificates in respect to incumbrances is devoid of force and must be overruled. As we have before stated, from all that appears in the record here the incumbrances were considered and deducted in making the appraisement, and the judge having made a finding that all things pertaining to the sale were regularly and properly performed, such finding must be held to be sustained by the evidence of record, and this point, raised by the third objection, must be determined as without force and overruled. Furthermore, on this point, it is a fair conclusion to be drawn from the record here that

the appellant was the owner, or one of the owners, of the equity of redemption in the property sold. If so, then if the appraisers had not considered the incumbrances in making the appraisement and had failed to deduct them in arriving at the true and final valuation of the interest to be sold, it could not be of any avail to defendant, for, as was held in the opinion in the case of *Smith v. Foxworthy*, 39 Neb., 214, "The provisions of the statute requiring the sheriff to deduct from the real value of the lands levied upon the amount of the liens and incumbrances prior to that of the mortgage which the property is ordered sold to satisfy, being for the sole benefit of the plaintiffs, the defendant, owner of the equity, cannot be heard to object to the confirmation of the sale because such liens and incumbrances were not deducted in making the appraisement." For the reasons supporting the rule announced we refer to the body of the opinion in the case just cited. We will say here, lest it be thought there is a conflict, that the rule which we have followed does not run counter to those announced in the decision in the case of *Burkett v. Clark*, 46 Neb., 466, in regard to the duties of an officer holding and enforcing an execution or order of sale of real estate. In the opinion just alluded to the general duties of the officer who makes the levy and sale are fully set forth, including the appraisement of the property. But nothing is said which in the least interferes with, or is to the contrary of what we have stated in the case at bar, that a defendant, owner of the equity of redemption, cannot successfully object to the confirmation of a sale of the property on the ground that prior incumbrances were not deducted in perfecting an appraisement.

The fourth and fifth reasons given to effectually bar the confirmation of the sale were that "the interest of defendant McGregor and the other defendants herein are not specifically set out and appraised," and that "the return and record nowhere show the separate interest of the defendant McGregor and the other defendants."

The only evidence in the record in this court in regard to what is claimed in these two statements (it is stated in brief of counsel for appellant that they must be considered together and as raising but one question) is that which is contained in the appraisement and return to the order of sale, and in the absence of any showing, or any further portions of the record from which it might be determined that the interest therein stated to have been appraised and sold was other and different, as to persons or in any other particular than as therein set forth, we must accept what we discover in such papers as correct. More especially is this true since the judge, who no doubt had the complete record before him, has approved the proceedings and pronounced them regular and in all respects according to law.

The sixth objection cannot be considered here, for the sufficient reason, if for none other, that there is nothing in the record in this court from which it can be determined whether the matters set forth in the objection as its basis are or were facts or not. If the whole record of the case was before us we might then be enabled to consider the question sought to be presented, but as it is we cannot do so.

Among the findings of the court was the following: "4. That in the appraisal of the property, returned and of record, there is a clerical error, that is to say, the words and figures block twenty-five (25) were inserted by mistake where the words and figures block No. forty-three (43) should appear; and the words and figures block No. forty-three (43) were inserted by mistake where the words and figures block twenty-five (25) should appear; and the foregoing as above set out is a mere clerical error." And immediately succeeding this portion of the decree was a direction to the sheriff and the appraisers to correct the record of the appraisal to conform to the facts. It is argued that the court should have set the sale aside because of the error in the appraisal, and should not have ordered its correction. The

finding of the court must have embraced the further con-
stituent findings that the proper lots or parts of blocks
had been viewed by the appraisers and valued by them,
and that no one was misled by the error in the record
of the appraisal, and, as we have seen, each piece of the
property sold for more than two-thirds of its value as
appraised, hence no prejudice resulted from the misplace-
ment of the numbers of the blocks as set forth in the
statement of the appraisement which was filed in the
case. That the court directed or allowed the record to
be amended to conform to the facts in respect to the erro-
neous positions of the numbers of the blocks as they
appeared therein we cannot view as material. The order
of confirmation must be

AFFIRMED.