IOWA LOAN & TRUST COMPANY, APPELLEE, V. ROBERT C. STIMPSON ET AL., APPELLANTS.

FILED FEBRUARY 2, 1898. No. 7801.

1. **Executions: APPRAISEMENT: FRAUD.** If a sale of real estate under order of sale or execution is attacked on the ground of a fraudulent appraisement, no active fraud being claimed or attempted to be shown except in the low value placed on the property as compared with a value given in evidence adduced on the subject, to support the objection the discrepancy must be so great as in and of itself to raise a presumption of fraud in making the appraisement.

2. ———: ———: **NOTICE TO DEBTOR.** There is no requirement of the law that notice be given the debtor of the making of an appraisement.

APPEAL from the district court of Buffalo county. Heard below before SINCLAIR, J. *Affirmed.*

*F. G. Hamer,* for appellants.

*Fred A. Nye, contra.*

HARRISON, C. J.

In this, an action to foreclose a real estate mortgage, the proceedings were prosecuted to a decree and, after stay, a sale of the mortgaged premises, which was confirmed. From the order of confirmation an appeal to this court has been perfected.

In the brief filed for the appellant it is argued that the sale should not have been confirmed for the reasons: First, the appraisement of the property was so low as to raise the presumption of fraud; second, no notice was given the debtor of the appraisement of the property. In regard to the first of these reasons it appears from the

Iowa Loan & Trust Co. v. Stimpson.

record that it rests solely on the differences in value of the property which were placed on it by persons called for the purpose in the three appraisements which were had before a sale was made and in the testimony in affidavits of parties filed for appellant. The point argued is of a matter of which complaint must first be addressed and presented to the district court, or a judge thereof, and determined on the evidence adduced, and the resultant finding, as embodied in and shadowed by the decree or order, must govern and be allowed to prevail, unless manifestly wrong. After an examination of all the evidence herein we cannot disapprove the finding of the district court, cannot say that it was palpably wrong in the conclusion which it must have reached, that there was not such a great discrepancy between the appraisal value of the property and the values stated in the affidavits as to raise a presumption of fraud. This being true, there is nothing in this branch of the argument which calls for a reversal of the order of the district court.

In regard to the second stated reason it must be said that the appraisement was one of the steps prescribed by law to be taken by the officer conducting the sale and of the occurrence of which the statute does not require any notice to be given. It is a part of the proceedings of which parties must take notice. (*Smith v. Foxworthy*, 39 Neb. 214.) The argument that notice should be given the debtor of the time of the appraisement might with propriety be addressed to the legislature. Courts can but enforce the law as made, not read into it what may suggest itself as proper or probably beneficial. It follows that the order of the district court must be

AFFIRMED.