Tillson v. Benschoter.

---

WILLIAM C. TILLSON, APPELLEE, V. ELIZABETH A. BENSCHOTER, APPELLANT.

FILED JUNE 23, 1898.   No. 8191.

1. Judicial Sales: APPRAISAL: CERTIFICATE OF LIENS. The failure to file applications for and certificates of liens as parts of an appraisal of lands in the sale thereof under decree of foreclosure is without prejudice to the rights of defendants, owners in whole or part of the equity of redemption.

2. ———: CONFIRMATION: HARMLESS ERROR. A judicial sale will not be set aside because of errors or irregularities in the conduct thereof which were not prejudicial to the rights of the complainant.

3. ———: APPRAISAL: NOTICE. No special notice to a defendant in an action is required of an appraisal of lands to be sold under decree or order of sale. SULLIVAN, J., dissenting.

APPEAL from the district court of Buffalo county. Heard below before SINCLAIR, J. *Affirmed.*

*F. G. Hamer*, for appellant.

*William Gaslin, contra.*

HARRISON, C. J.

In this, an appeal from the confirmation of a judicial sale of property under an order of sale to enforce a decree of foreclosure of a real estate mortgage, it is complained by appellant, the mortgagor and alleged to be still an owner of an interest in a portion of the mortgaged property, that (1) a copy of the appraisement, together with written applications for and certificates of liens, were not filed in the office of the clerk of the district court before the advertisement of the sale; (2) the property was situate in the city of Kearney, and no application was made to the city treasurer for a certificate of liens; (3) there was no notice to the appellant that the appraisement would be made or had been made. That applications for or certificates of liens were not made or filed was not an objection to confirmation of the sale of any avail to appellant. (See *Hamer v. McKinley-Lanning Loan & Trust Co.*, 52 Neb. 705; *Smith v. Foxworthy*, 39 Neb. 214; *Craig v. Stevenson*, 15 Neb. 362; *La Flume v. Jones*, 5 Neb. 257.) Moreover, the property sold for a sum in excess of two-thirds of the gross valuation placed on it by the appraisers, and if deductions of liens were made and the record did not disclose the applications for and certificates of the liens, there was no prejudice to the rights of the complainant, and nothing for which the sale should be set aside. (*Miller v. Lanham*, 35 Neb. 886.) The appraisement is a part of the proceedings in the action of which there is no requirement of special notice to the defendant. (*Smith v. Foxworthy*, 39 Neb. 214; *Iowa Loan & Trust Co. v. Stimpson*, 53 Neb. 536.) It follows that the decree of the district court must be

AFFIRMED.