W. F. R. MILLS, RECEIVER, APPELLEE, V. F. G. HAMER ET AL., APPELLANTS.

FILED JUNE 23, 1898.   No. 8214.

1. **Judicial Sales:** OBJECTIONS TO CONFIRMATION. It is no valid ground of objection to confirmation of sale that the defendants were not notified of the issuance of the order of sale and of the meeting of the appraisers. SULLIVAN, J., dissenting.

2. ———: OBJECTIONS TO APPRAISEMENT. Objections to the appraisement of real property under a decree of foreclosure must be made prior to the sale by a motion to vacate the appraisement.

3. **Review Without Bill of Exceptions.** The finding of the trial court on a question of fact cannot be reviewed in the absence of a bill of exceptions preserving the evidence upon which such decision was made.

APPEAL from the district court of Buffalo county. Heard below before SINCLAIR, J. *Affirmed.*

*F. G. Hamer,* for appellants.

*Dryden & Main, contra.*

NORVAL, J.

This is an appeal by the defendants from an order confirming the sale of their property made under a decree of foreclosure.

It is urged that no notice was given the defendants of the issuance of the order of sale and of the meeting of the appraisers. The statute requires no such notice to be given, and to hold that the sale is erroneous for want of such notice would be the rankest kind of judicial legislation. It is no valid ground for setting aside the sale that no notice of the time of making the appraisement was given the defendants. (*Smith v. Foxworthy,* 39 Neb. 214; *Iowa Loan & Trust Co. v. Stimpson,* 53 Neb. 536.)

It is insisted that the appraisers made an error in deducting the amount of taxes against the property, that the interest of defendants on each quarter section was

not separately appraised, and also that Louis S. Deets, one of the appraisers, was prejudiced against the defendant Hamer. These objections cannot be considered, for the very good reason the appraisement was not assailed on either of those grounds prior to the sale. It is an inflexible rule that objections to an appraisement of property under a decree of foreclosure must be filed in the district court prior to the sale. (*Vought v. Foxworthy*, 38 Neb. 790; *Smith v. Foxworthy*, 39 Neb. 214; *Ecklund v. Willis*, 42 Neb. 737; *Burkett v. Clarke*, 46 Neb. 466; *Kearney Land & Investment Co. v. Aspinwall*, 45 Neb. 601; *Overall v. McShane*, 49 Neb. 64.)

The objection that the appraisement was so low as to constitute a fraud upon the rights of the defendants is without merit, since the evidence adduced on the hearing, if any, has not been preserved by a bill of exceptions. Every presumption is in favor of the correctness of the decision of the trial court until the contrary is shown.

AFFIRMED.