JOHN NICHOLAS BROWN, APPELLEE, v. DENNIS FITZPAT-RICK, APPELLANT, ET AL.

FILED SEPTEMBER 23, 1898.   No. 8262.

1. Foreclosure of Mortgage: OBJECTIONS TO APPRAISEMENT: CONFIRMA-TION. A mortgagor, before the date of sale, filed objections, and affidavits in support thereof, to the appraisement on the ground that the same was too low. These objections were not ruled on before the sale. The court made an order that the mortgagor show cause by the 19th why the sale should not be confirmed. He made no further showing. *Held*, (1) That the court was not obliged to pass on the motion to confirm on the 19th; (2) that it had a right to consider affidavits filed on or after that date by the mortgagee tending to support the appraisement made; (3) that the mortgagor was not entitled to notice of the filing of such affidavits; (4) that he was not entitled to notice of the time when the court would pass on the motion to con-firm; (5) that the court could have confirmed the sale though the mortgagee had never filed an affidavit in support of the ap-praisement made, as the latter was not assailed by the mort-gagor for fraud.

2. ———: ———. An appraisement duly made of real estate for the purposes of a judicial sale cannot be successfully attacked solely on the ground that the property has been appraised too low. To make the low valuation a successful ground of attack on the appraisement it must be challenged for fraud.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. *Affirmed.*

*I. J. Dunn,* for appellant.

*Morris & Marple, contra.*

RAGAN, C.

This is an appeal from a judgment of the district court of Douglas county confirming a sale of real estate made in pursuance of a decree of mortgage foreclosure. The property was appraised at $7,700, but before the sale occurred the mortgagor filed objections to the appraisement on the ground that the value placed on the property was too low, and at the same time filed a number of affidavits tending to support his motion. The record discloses no ruling of the district court on this motion, prior to the sale. The plaintiff served a notice on the mortgagor that he would, on October 12, 1895, move the court to confirm the sale. On that date the court made an order that the mortgagor show cause by the 19th of the month why the sale should not be confirmed. The mortgagor filed no additional showing against the confirmation. It was not confirmed on October 19. On the 25th, however, the plaintiff filed affidavits tending to support the appraisement made of the property by the sheriff; and on the 26th of said month, without any notice to the mortgagor, and in the absence of himself and counsel, the court confirmed the sale. The appellant complains because the plaintiff was allowed, after October 19, to file affidavits tending to sustain the appraisement, and that the court considered these affidavits, and made the order on the 26th in the absence of the appellant and without notice to him or his counsel. Our views are these:

1. The district court was not obliged to pass on the motion to confirm on October 19. It had a right to consider affidavits filed on that date, or after that date, by the plaintiff, which tended to support the appraisement; and the appellant was not entitled to be notified of the filing of such affidavits, or of the time when the court would pass on the motion. He had already filed his objections to the appraisement made.

2. The court should have confirmed the sale, even

though the plaintiff had never filed an affidavit in support of the appraisement made, as that appraisement was not assailed by the appellant for fraud, and an appraisement duly made of real estate for the purpose of a judicial sale cannot be successfully attacked solely on the ground that the property had been appraised too low. To use the low valuation as a successful basis for attacking the appraisement, it must be alleged and proved that it was fraudulent. (*Vought v. Foxworthy*, 38 Neb. 790; *Mills v. Hamer*, 55 Neb. 445.) The judgment of the district court is

AFFIRMED.