HOSEA S. BALLOU, TRUSTEE, ET AL., APPELLEES, V. CLARENCE L. SHERWOOD ET AL., IMPLEADED WITH GILBERT BLUE, APPELLANT.

FILED FEBRUARY 23, 1899. No. 8734.

1. **Judicial Sales:** APPRAISEMENT: DEDUCTION OF LIENS. The provision of the statute for the deduction of prior liens in appraising lands for judicial sale is solely for the benefit of the plaintiff, and the failure to observe the law in that regard cannot be successfully urged by the defendant as a ground for vacating the appraisement, or as an objection to confirmation.

2. ———: ———. The appraised value of property made under an order of sale can only be assailed for fraud.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. *Affirmed*

*D. W. Merrow*, for appellant.

*Duffie & Van Dusen, contra.*

NORVAL, J.

This appeal was taken from an order confirming the sale of real estate by a special master commissioner under a decree of foreclosure. The first objection urged against the sale is that the amount of taxes against the real estate was not deducted in making the appraisement. This point is not available to the appellant, because he was not prejudiced by the omission to deduct from the real value of the premises the amount of tax liens. Had the deduction been made as contemplated by statute, the interest of the appellant in the property would necessarily

have been appraised at a smaller sum than it was, and consequently a lower bid could have been accepted at the sale than under the appraisement as made and returned. The provision of the statute for the deduction of prior liens in making the appraisement of lands for judicial sale is for the benefit of plaintiff only, and the failure to observe the law in that regard cannot be successfully urged by the defendant as a ground for setting aside the appraisement, or as an objection to confirmation. (*Craig v. Stevenson*, 15 Neb. 362; *Smith v. Foxworthy*, 39 Neb. 214; *American Investment Co. v. McGregor*, 48 Neb. 779.)

It is likewise insisted that a copy of the appraisement was not filed in the office of the clerk of the district court before the sale was advertised. The record shows that a copy of the appraisement was deposited in the clerk's office on January 28, 1896, the very day the property was appraised, and that notice of sale was not given or published until three days later. Of course no copies of written application for liens were filed with the copy of the appraisement, for the obvious reason no applications for liens were made by the special master commissioner. But the appellant was not prejudiced by such omission, or failure to comply with the statute.

It is finally urged that the valuation made by the appraisers is unjust, inequitable, and far below the real value of the property. No fraudulent conduct was imputed to the persons making the appraisement, nor was the value returned by the appraisers so much below the actual value of the premises as to raise the presumption of fraud. It is the doctrine of this court that the appraised value of property made under an order of sale can only be assailed for fraud. (*Vought v. Foxworthy*, 38 Neb. 790; *Ecklund v. Willis*, 44 Neb. 129; *Kearney Land & Investment Co. v. Aspinwall*, 45 Neb. 601.) Tested by this rule the appraisement in the case at bar must be sustained. The order from which the appeal was prosecuted is

AFFIRMED.