H. H. LOCKWOOD, APPELLEE, V. GEORGE COOK ET AL., APPELLANTS.

FILED MARCH 22, 1899. No. 8841.

1. **Judicial Sales:** APPRAISEMENT: REVIEW. "An appraisement duly made of real estate for the purposes of a judicial sale cannot be successfully attacked solely on the ground that the property has been appraised too low. To make the low valuation a successful ground of attack on the appraisement it must be challenged for fraud." *Brown v. Fitzpatrick*, 56 Neb. 61, approved and followed.

2. ———: PURCHASE BY PLAINTIFF: PAYMENT OF BID: OBJECTION TO CONFIRMATION. In an action of foreclosure of a real estate mortgage there was a decree and sale. At the sale the plaintiff in the action, whose lien was the first one, purchased the property at a sum less than the amount to which he was entitled under the decree. On motion for confirmation of the sale, *held* not a forceful objection that the amount bid had not been paid to the officer in money; that it was unnecessary that the formality of handing the money to the officer by the plaintiff and purchaser and its return to him by the officer should be observed.

APPEAL from the district court of Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*A. W. Martin,* for appellants.

*John L. Doty, contra.*

HARRISON, C. J.

In this, an action to foreclose a real estate mortgage, a decree of foreclosure was rendered, and to enforce it an order of sale of the mortgaged premises was issued

and delivered to the sheriff, pursuant to the directions of which the property was appraised and sold, the plaintiff in the action being the purchaser. After the appraisal, and prior to the sale, an objection to the appraisal was filed for the appellants, the ground of which was that the appraisement was too low. Subsequent to the sale an affidavit in support of the objection to the appraisal was filed. A motion for confirmation of the sale was made and objections thereto were presented for the appellants, and at the hearing there seems to have been included the objection to the appraisal. The record does not disclose a hearing of this objection other than as one of the objections interposed to the motion for confirmation.

One argument urged here is that the appraisal was too low; that it was less than the real value in money of the property. In the absence of an attack on the appraisement on the ground of fraud, an assertion that there was a valuation which was too low does not furnish a sufficient reason for the impeachment thereof. (*Brown v. Fitzpatrick*, 56 Neb. 61; *Vought v. Foxworthy*, 38 Neb. 790; *Mills v. Hamer*, 55 Neb. 445.)

The purchaser was, as we have before stated, the owner of the mortgage being foreclosed; and one objection to the confirmation of the sale, and which is now urged, was that the amount of the bid for the property was not deposited with, or paid to, the officer who conducted the sale. The sale was for an amount less than the mortgage debt. The sum adjudged to be due by the decree and the lien foreclosed was the first one. The sale was for less than the amount decreed to be due the plaintiff, who was also the purchaser. In such a sale it is unnecessary that the formality of payment in money of the amount of the bid be made by the plaintiff and purchaser to the officer and by the officer returned to the purchaser. The bid and purchase by the plaintiff would work the extinguishment of a like amount of the decree. This was sufficient to sustain the sale. (Wiltsie, Mortgage Foreclosure sec.

480; *Sage v. Central R. Co.*, 13 Western Jurist [Ia.] 218; *Jacobs v. Turpin*, 83 Ill. 424; *Fidelity Insurance, Trust & Safe Deposit Co. v. Roanoke Iron Co.*, 84 Fed. Rep. 752.)

It is insisted that the fact that the amount of the bid, at least in a sufficient sum to cover the costs, had not been paid furnished ground for setting the sale aside. There are many methods by which the officer might obtain payment of the costs. That he had failed to do so at the time of his return or of request for confirmation was no potent cause for unconditional refusal to confirm the sale. The order of confirmation must be

AFFIRMED.