MICHIGAN MUTUAL LIFE INSURANCE COMPANY, APPELLEE,
v. HENRY G. RICHTER ET AL., APPELLANTS.

FILED APRIL 19, 1899.   No. 8878.

1. Judicial Sale: SEPARATE TRACTS: REVIEW: PRESUMPTIONS. If in
the record presented to this court in an appeal from an order of
confirmation of a sale of real estate under decree of foreclosure
there is no evidence that the property sold consisted of separate
tracts or lots, it will be presumed that the officer who conducted
the sale did his duty in a lawful manner and that his offer and
sale of it as a whole or one piece of property was proper.

2. ———: APPRAISEMENT: REVIEW. An appraisement duly made of
real estate for the purposes of a judicial sale cannot be success-
fully attacked solely on the ground that the property has been
appraised too low. To make the low valuation a successful
ground of attack on the appraisement it must be challenged
for fraud. *Brown v. Fitzpatrick*, 56 Neb. 61, followed.

APPEAL from the district court of Douglas county.
Heard below before KEYSOR, J. *Affirmed.*

*Parke Godwin*, for appellants.

*V. O. Strickler, contra.*

HARRISON, C. J.

In an action to foreclose a real estate mortgage there
was a judicial sale to enforce the decree, of the north half
of lot 10, in block 8, and the south half of lot 7, in block
8, all in Kountze & Ruth's Addition to the city of Omaha,
and from an order of confirmation of the sale this appeal
has been perfected.

It is urged that there were two separate portions of
lots or non-contiguous properties sold as a whole; that
the half lots should have been offered separately, and
that the sale was not so conducted, rendered it ineffec-
tive, and it should not have been confirmed. This argu-
ment is based on the asserted fact that the appraisement
of the half lots was separately made, and the mode of

sale should have conformed to that of the appraisement, but the contention is all founded on the proposition that these two half lots sold were non-adjacent or separate and should have been offered for sale separately. The value of each half lot was specifically stated in the appraisement, and then the values were combined and from the total the incumbrance of taxes was deducted and the interest of the defendants was stated in gross with no separation. Of the facts upon which reliance is apparently placed in the argument, to show prejudice to the rights of defendants in the manner in which the sale was conducted, there is in the record an entire lack of evidence. It is not disclosed that the half lots sold were non-contiguous or separate properties, and in the absence of any evidence, the presumption that the officer who conducted the sale did his duty and properly must prevail. (*Kane v. Jonasen*, 55 Neb. 757.) Within this view this objection must be overruled. It is also argued that the sale should not have been confirmed, for the reason that the appraisement placed too low a value upon the property. There were affidavits filed in support of this view, also affidavits to sustain the appraisement. There was a conflict in the evidence, but the finding of the district court had sufficient of the evidence in its support and will not be disturbed. Furthermore, an appraisement of real estate preliminary to a judicial sale cannot be successfully attacked on the sole ground that the appraisement was too low. It must also be challenged for fraud. (*Brown v. Fitzpatrick*, 56 Neb. 61, and cases cited.) The order of confirmation must be

AFFIRMED.