PETER B. NELSON v. FARMLAND SECURITY COMPANY ET AL.

FILED MAY 17, 1899. · No. 10580.

1. **District Courts: SPECIAL SESSIONS.** By section 25, chapter 19, Compiled Statutes 1897, a judge of the district court is authorized to appoint and hold a special term in any county in his district for the transaction of any business that may properly come before such court.

2. **Assignments of Error: CONTINUANCE: RECORD FOR REVIEW.** An assignment of error that the court erred in denying a motion for a continuance is without merit where the record does not disclose that the motion was ever presented to the court for decision, or that there was any action or refusal to act thereon.

3. **Motion for New Trial: LACHES.** It is not error for the court to strike from the files a motion for a new trial filed after the time limited by the statute for that purpose.

ERROR from the district court of Dawes county. Tried below before WESTOVER, J. *Affirmed.*

*Allen G. Fisher* and *F. O'Linn,* for plaintiff in error,

*Albert W. Crites,* contra,

SULLIVAN, J.

This is a proceeding in error to reverse a decree of the district court of Dawes county foreclosing a real estate mortgage executed by Peter B. Nelson and now owned by the intervener, John A. Hamilton. After the cause had been pending for nearly five years it was called for trial, and tried and determined at a special term held on September 27, 1898. The jurisdiction of the court and the validity of its judgment are called in question. Section 25, chapter 19, Compiled Statutes 1897, is as follows: "A special term may be ordered and held by the district judge in any county in his district, for the transaction of any business, if he deem it necessary. In ordering a special term he shall direct whether a grand or petit jury, or both, shall be summoned." Acting under the authority of this section Judge Westover made an order at his chambers in Rushville on September 24, appointing a special term for Dawes county to be held on the 27th of the same month. This order was filed with the clerk the day before court convened, and Nelson, being informed of the fact, appeared at the trial and participated therein. There can, under these circumstances, be no doubt with respect to the jurisdiction of the court and the validity of the judgment. But it is said that if the court had power to try the cause, it seriously erred in denying defendant's motion for a continuance based on the absence of counsel and want of timely notice that the term would be held. The defendant filed with the clerk a motion for a postponement of the trial, but the record does not show that such motion was ever presented to the court or that the court either acted or refused to act thereon. There is, therefore, no merit in this assignment. The alleged error does not affirmatively appear.

It is disclosed by the record that the special term adjourned *sine die* on September 27, and that the motion for a new trial was not filed until September 29. A mo-

tion to strike from the files the motion for a new trial was sustained on the ground that it was not filed within the time limited by the statute. This ruling of the court is assigned for error. The defendant having neglected to file his motion for a new trial during the term at which the decision was rendered, the court was without authority to grant it. It might with propriety have been either overruled or stricken out. (*Ex parte Holmes*, 21 Neb. 324; *Aultman v. Leahey*, 24 Neb. 286; *Roggencamp v. Dobbs*, 15 Neb. 620; *Davis v. State*, 31 Neb. 240; *Doolittle v. American Nat. Bank*, 58 Neb. 454, 78 N. W. Rep. 926.)

It is further contended that a new trial should have been granted on the ground of newly-discovered evidence. There was no newly-discovered evidence. What was claimed to be such was the deposition of Mr. Hamilton, which had been taken on due notice and had been among the files of the case for more than six months before the trial.

There being no statutory motion for a new trial, we cannot inquire whether the evidence is sufficient to sustain the decree. Neither can we consider in this proceeding any other matter which should have been brought to the attention of the district court by a motion for a new trial. This proposition is settled by repeated adjudications. (*Carlow v. Aultman*, 28 Neb. 672; *Jones v. Hayes*, 36 Neb. 526; *Brown v. Ritner*, 41 Neb. 52.) The judgment is warranted by the pleadings and is

AFFIRMED.