PETER B. NELSON v. WILLIAM R. ALLING, TRUSTEE.

FILED MAY 17, 1899.    No. 10581.

1. **Judicial Sale:** REFUSAL TO VACATE: APPRAISEMENT: REVIEW. An order denying a motion to vacate a judicial sale on the ground that the appraisement was too low will not be set aside when based on substantially conflicting evidence.

2. ———: APPRAISEMENT. An appraisement of real estate for the purposes of a judicial sale cannot be successfully assailed on the ground that the appraisers were mistaken in their valuation of the property.

3. District Courts: SPECIAL TERMS. By section 25, chapter 19, Compiled Statutes 1897, a judge of the district court is authorized to appoint and hold a special term of court in any county of his district for the transaction of any judicial business that may properly come before him.

ERROR from the district court of Dawes county. Tried below before WESTOVER, J. *Affirmed.*

*Allen G. Fisher,* for plaintiff in error.

*Albert W. Crites, contra.*

SULLIVAN, J.

This proceeding in error brings before us for review an order of the district court of Dawes county confirming a judicial sale of real estate. The defendant Nelson resisted the motion for confirmation on the grounds that the appraisers proceeded irregularly in making the appraisement, and that the valuation fixed by them upon the property was too low. The district court having decided these questions upon substantially conflicting evidence, its decision will not be disturbed. (*Nebraska Loan & Building Ass'n v. Marshall,* 51 Neb. 534.) In the case cited the rule was applied under circumstances quite similar to those in the case at bar. But if the evidence bearing on the question of valuation were sufficient to establish fraud in the appraisement, we could not for that reason alone reverse the order of confirmation, there being in the motion to vacate the appraisal no allegation of fraud to which such evidence is responsive. It is now the established doctrine of this court that the appraisement cannot be successfully assailed merely because the appraisers were mistaken in their valuation of the property. (*Vought v. Foxworthy,* 38 Neb. 790; *Ecklund v. Willis,* 44 Neb. 129; *Kearney Land & In-*

*vestment Co. v. Aspinwall*, 45 Neb. 601; *Brown v. Fitzpatrick*, 56 Neb. 61; *Ballou v. Sherwood*, 58 Neb. 20, 78 N. W. Rep. 383; *Lockwood v. Cook*, 58 Neb. 302, 78 N. W. Rep. 624; *Michigan Mutual Life Ins. Co. v. Richter*, 58 Neb. 463, 78 N. W. Rep. 932.) The sale having been confirmed at a special term held on September 27, 1898, the defendant challenges the jurisdiction of the court and denies the validity of the order. The point thus presented was considered and decided in the case of *Nelson v. Farmland Security Co.*, 58 Neb. 604, 79 N. W. Rep. 161. It was there held that the term was properly convened and that the presiding judge was invested with authority to hear and determine causes properly on the calendar of the court. The judgment is

AFFIRMED.