PHILIP ZWIEBEL ET AL., APPELLEES, V. WILLIAM
SEHESTEDT ET AL., APPELLANTS.

FILED DECEMBER 10, 1910.    ). 16,225.

1. **Mortgages:** FORECLOSURE: APPRAISAL: PRESUMPTIONS. "An order
denying a motion to vacate an appraisement of property for
judicial sale on the ground that the appraisers' valuation was too
low will, in the absence of a bill of exceptions embodying the
evidence given at the hearing, be presumed to be correct."
*Johnston v. Craig,* 61 Neb. 98.

2. ———: ———: ———: CERTIFICATE OF LIENS: CONFIRMATION OF
SALE. The failure of a county clerk to include in his certificate
a statement of liens junior to those for the satisfaction of which
the defendants' land is to be sold, and his failure to attach his
official seal to said certificate, do not prejudice the owners of the
equity of redemption, and should not prevent the confirmation of
a sale otherwise regular and lawful.

APPEAL from the district court for Sarpy county: LEE
S. ESTELLE, JUDGE. *Affirmed.*

*Anthony E. Langdon,* for appellants.

*B. F. Thomas, Carl E. Herring* and *H. Z. Wedgwood,*
*contra.*

ROOT, J.

This is an appeal from an order overruling objections
to the appraisal of, and to the confirmation of, a sale of
certain real estate. The defendants appeal.

It is first argued that the appraised value of the real
estate is too low. No bill of exceptions of the evidence
submitted to the district court concerning the value of
the real estate has been filed in this court, and we shall
presume that the finding of the trial court upon the issue
of value is sustained by the evidence. *Johnson v. Craig,*
61 Neb. 98.

The defendants contend that the district court erred in
permitting the county clerk to attach his seal to his cer-

tificate of incumbrances, and that the certificate is insufficient in that it does not refer to any liens junior to those included in the decree of foreclosure. The appellants own the equity of redemption of the mortgaged premises, and would not have been prejudiced if no certificate of liens had been filed. *La Flume v. Jones*, 5 Neb. 256; *Smith v. Foxworthy*, 39 Neb. 214; *Hamer v. McKinley-Lanning Loan & Trust Co.*, 52 Neb. 705; *Ballou v. Sherwood*, 58 Neb. 20; *Green v. Paul*, 60 Neb. 7. It appears that the only incumbrances deducted were taxes, and that the property sold for more than two-thirds of its gross value as determined by the sheriff and the other appraisers.

For the reason that we find nothing in the record to suggest a suspicion that the appellants were in any manner prejudiced by the matters referred to in their brief, the judgment of the district court is

AFFIRMED.