## L. F. MAGINN ET AL. V. JANE PICKARD.

FILED FEBRUARY 9, 1899. No. 8649.

1. **Review.** A finding of the trial court upon substantially conflicting evidence will not be disturbed.

2. **Foreclosure Sale: SHERIFFS: DEPUTIES.** Where a decree of foreclosure directs the sheriff to make a sale of the mortgaged premises, the deputy sheriff has authority to act in the matter, and may execute the decree for and in the name of his principal.

3. ———: **APPRAISEMENT: NOTICE.** The owner of real estate which is about to be sold under a decree of foreclosure is not entitled to notice of the time and place of making the appraisement.

4. **Review.** All presumptions favor the regularity of the proceedings of the district court, and an order or judgment made therein will not be reversed unless the error complained of is established by the record.

ERROR from the district court of Douglas county. Tried below before AMBROSE, J. *Affirmed.*

*L. F. Maginn,* for plaintiffs in error.

References: *Watson v. Tromble,* 33 Neb. 450; *Stockmeyer v. Tobin,* 139 U. S. 190; *Sessions v. Irwin,* 8 Neb. 9; *Bozza v. Rowe,* 30 Ill. 198; *Minnesota Co. v. St. Paul Co.,* 2 Wall. [U. S.] 631; *Blossom v. Milwaukee & C. R. Co.,* 3 Wall. [U. S.] 207; Rorer, Judicial Sales [2d ed.] sec. 9.

*B. E. B. Kennedy, contra:*

Appraisals for judicial sales will not be set aside except for fraud. (*Vought v. Foxworthy,* 38 Neb. 790; *Smith v. Foxworthy,* 39 Neb. 214; *Ecklund v. Willis,* 44 Neb. 129.)

Deputy sheriff may act. (*Hamer v. McKinley-Lanning Loan & Trust Co.,* 52 Neb. 709; *Nebraska Loan & Building Ass'n v. Marshall,* 51 Neb. 534.)

SULLIVAN, J.

This proceeding in error brings up for review an order of the district court confirming a judicial sale of real estate in the city of Omaha.

It is first contended that the sale should have been set aside on the ground that the valuation fixed by the appraisers was so low as to afford an inevitable inference of fraud in the appraisement. There is considerable difference between the estimate of the appraisers and that of some of the witnesses who testified for the defendant, but the disparity is not so great as to warrant the conclusion that the appraisers acted corruptly. The ruling of the trial court on this point is fully sustained by *First Nat. Bank of Omaha v. Hahn*, 56 Neb. 679, *Nebraska Loan & Building Ass'n v. Marshall*, 51 Neb. 534, and other cases.

Another contention of the defendant is that the court having directed the sheriff to execute the decree of foreclosure, the sale conducted by his deputy was unauthorized and void. The precise question was decided in *Nebraska Loan & Building Ass'n v. Marshall, supra*. It was there held that the deputy sheriff possesses the same power as his principal to carry into effect an order of the court directing the sale of real estate for the satisfaction of a mortgage.

A further reason urged for a reversal of the order of confirmation is the failure of the appraisers to give the defendant an opportunity to appear before them and be heard on the question of valuation. The right to such a hearing was claimed and expressly denied in *Tillson v. Benschoter;* 55 Neb. 443, and in *Mills v. Hamer*, 55 Neb. 445.

Complaint is made because one of the appraisers had been frequently selected by the sheriff of Douglas county to act in a like capacity in other cases. In the absence of a showing that the appraisement was unfair we fail to perceive how the defendant was prejudiced, even if it be true that the appraiser was a "professional." To justify this court in reversing an order or judgment of the district court error must affirmatively appear; it will not be presumed.

It is claimed that the notice of sale was not published in a newspaper of general circulation in Douglas county;

·and that the sale should be, therefore, set aside. The· evidence before us does not tend in the remotest degree to support this claim, and we cannot act on counsel's suggestion to search the record of another case in this court for evidence to sustain his contention.

Other questions presented are too attenuated to merit special consideration. The order of confirmation is

AFFIRMED.