W. S. COLE v. ELIZA A. WILLARD ET AL.

FILED NOVEMBER 20, 1901.    No. 10,639.

Appraisement: MISTAKE IN VALUATION. An appraisement of real estate for the purposes of a judicial sale can not be successfully assailed on the ground that the appraisers were mistaken in their valuation of the property. *Nelson v. Alling*, 58 Nebr., 607.

ERROR from the district court for Custer county. Tried below before SULLIVAN, J.  *Affirmed.*

*Leslie F. Kirkpatrick* and *John S. Kirkpatrick,* for plaintiff in error.

*Adolphus R. Talbot* and *Alpha Morgan, contra.*

HOLCOMB, J.

From an order confirming the sale of real property made in a foreclosure action the defendants prosecute error. The objection to the confirmation of sale was also presented in a motion to vacate and set aside the appraisement, and is "that said appraisement on which sale is made is inadequate and fraudulent, and is so low as to be presumptively fraudulent." The only evidence in support of the objection consists of the affidavits of five persons, whose opinion of the value of the real estate sold was from $4,000 to $4,800, the average value being $4,240. The appraisers found the value of the property to be the sum of $2,800. The most that can be said from the evidence is that the appraisers were mistaken as to the value of the property. In *Nelson v. Alling*, 58 Nebr., 607, it is

said: "It is now the established doctrine of this court that the appraisement can not be successfully assailed merely because the appraisers were mistaken in their valuation of the property," citing *Vought v. Foxworthy*, 38 Nebr., 790; *Ecklund v. Willis*, 44 Nebr., 129; *Kearney Land & Investment Co. v. Aspinwall*, 45 Nebr., 601; *Brown v. Fitzpatrick*, 56 Nebr., 61; *Ballou v. Sherwood*, 58 Nebr., 20; *Lockwood v. Cook*, 58 Nebr., 302; *Michigan Mutual Life Ins. Co. v. Richter*, 58 Nebr., 463. The writer reluctantly yields assent to this rule. It is, however, firmly settled by the many prior adjudications and should, we are constrained to say, be adhered to. Applying the rule to the case at bar, the objection, with the evidence adduced in support thereof, is insufficient to warrant an order setting aside the appraisement and sale made thereunder.

The order of confirmation is accordingly

AFFIRMED.