WALTER J. GREEN, APPELLEE, v. AUGUSTA DOERWALD ET AL., APPELLANTS.

FILED SEPTEMBER 17, 1903. No. 13,080.

1. **Appraisal.** An appraisment of real estate for the purposes of a judicial sale, can not be successfully assailed on the ground that the appraisers were mistaken in their valuation of the property. *Nelson v. Alling,* 58 Neb. 606.

2. **Foreclosure: APPEAL.** Where on an appeal from an order of confirmation of sale of real estate made in pursuance of a decree in foreclosure proceedings, certain sections of the code providing for the appraisal of real property sold under judicial proceedings are challenged as unconstitutional and it appears that the determination of the question can avail the appellants nothing, the validity of the sections thus challenged will neither be investigated nor determined.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, DISTRICT JUDGE. *Affirmed.*

*Louis Berka,* for appellants.

*Charles H. von Mansfelde, contra.*

HOLCOMB, J.

From a final order of confirmation of a sale of real estate, made in pursuance of a decree in foreclosure proceedings, the owners of the equity of redemption appeal. Appellants complain that the court erred in overruling their objections to the order of confirmation on the ground that the property was appraised too low and greatly disproportionate to its real value. To support the objections thus interposed, appellants filed affidavits of a general character

of four different parties, placing the value of the real estate sold at from $5,000 to $5,500, while the appraised value as made by the sheriff and two freeholders called for that purpose was estimated to be $3,000. There is no charge of fraud in making the appraisement, nor does it appear from the record that the difference in valuation is the result of other than an honest mistake of judgment. All that can be said against the appraisement as made by the sheriff and those assisting is that they were mistaken as to the true value of the real estate appraised for sale. This, of itself, is not sufficient to require the vacation of the appraisement made. *Cole v. Willard,* 62 Neb. 839, and authorities cited. The mistake of the appraisers, conceding one to have been made, is not a glaring one; and it may well be doubted whether the appraisement as made by the officers called and sworn for that purpose, and discharging *quasi* judicial functions, does not carry more weight than the very general affidavits filed in support of the objections to the appraisement. The trial court having approved the sale as being fair and equitable, it having authority in the exercise of its equitable powers to set the appraisement aside and direct a new one, if the appraisement appeared manifestly inadequate and disproportionate to the true value of the land notwithstanding it was sold for more than two-thirds of the appraised value, and not having done so, we are not prepared to say its action in confirming the sale was erroneous. *Williams v. Taylor,* 63 Neb. 717.

Our attention is also challenged to the alleged unconstitutionality of the act of 1875 providing "for the more equitable appraisement of real property under judicial sale." Laws, 1875, p. 60. It is argued the amendatory act contains two subjects, one of which only is expressed in the title; and that it violates the provisions of section 11, article 3, of the constitution, to the effect that "no bill shall contain more than one subject, and the same shall be clearly expressed in its title." We do not think we are called upon, in this case, to investigate and pass upon the

question thus presented, even though it might be found upon investigation that the act is vulnerable to the objections presented. It is to be noted that the act referred to amended and repealed sections 492 and 493 of the code as then existing. The appraisal complained of was made without the formality of ascertaining and deducting prior liens, the plaintiff in the action having waived this formality as he rightfully may do. *Ballou v. Sherwood*, 58 Neb. 20. The land was appraised at a gross sum and sold for more than two-thirds of its gross appraised value. It can avail appellants nothing whether the act be valid or invalid for the land was appraised and sold according to the provisions of the statute, whether we consider the old law as still being in force or whether we regard it as superseded by the act alleged to be unconstitutional. In neither view of the case have the appellants any legal grounds of complaint, as the appraisement and sale is valid and in conformity with both the old statute and the one superseding it and, for that reason, we excuse ourselves from, in this case, entering into a discussion or determination of the alleged unconstitutionality of the latter act.

The judgment of the district court is

AFFIRMED.